MILLER *v.* THE STATE.

The jeopardy in which a person cannot be twice put for the same of-
fense, has been once incurred by the prisoner, when he has been

8b 325<br>148  181<br>8   325<br>Case 2<br>168  311<br>f168  313

Nov. Term,
1856.

MILLER
v.
THE STATE.

given in charge on a legal indictment, to a competent jury, which has been unnecessarily discharged.

The Court has no discretionary power to discharge the jury to whom the cause of the prisoner has been submitted.

Such discharge must result from a necessity determined by law, or it will release the prisoner.

The fact that the jury, after twelve hours' consultation, report that they cannot agree, does not constitute such a necessity.

A cause which has not progressed to final judgment, is not appealable' to this Court.

*Tuesday,*
*December 9.*

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—*Miller* was indicted for grand larceny —was arraigned, put upon trial, and his cause was given to the jury. After the jury had been out twelve hours they returned into Court and stated that they could not agree. The Court asked the counsel what they had to say about the discharge of the jury, and· they replied, nothing. The prisoner was not brought up from jail nor consulted. The Court, of its own motion, then discharged the jury, and the defendant's counsel excepted, and interposed a motion for the discharge of the prisoner, on the ground that the discharge of the jury operated as an acquittal to him; but the Court overruled the motion, and ordered the prisoner to remain in custody for trial at a subsequent term, by another jury. The counsel excepted. The then term was not nearing its termination.

The prisoner appealed to this Court.

The cause not having been brought to final judgment, was not appealable to this Court. *Newell* v. *Gatling,* 7 Ind. R. 147.—*Farrel* v. *The State, id.* 345.— *Branham* v. *The Fort Wayne, &c., Railroad, Co., id.* 524. But as we have no doubt upon the point of law involved, and much future trouble, and perhaps, hardship, in the cause will be saved by its decision, we proceed to make it.

The constitution of this State provides that—"No person shall be put in jeopardy twice for the same offense;" and· the decision of this cause depends upon the construction to be put upon the provision.

The courts of *Pennsylvania, Virginia, North Carolina, Tennessee,* and *Alabama,* differ from those of the *United States, New York, Massachusetts* and *Mississippi,* as to the meaning of the constitutional provision in question. The latter courts understand it to mean that a person shall not be twice tried: The former courts consider the hazard, danger, or peril in which a man shall not be twice placed, as having been once incurred by giving him in charge, on a legal indictment, to a regular jury, which has been unnecessarily discharged without rendering a verdict. And this latter is the interpretation which the courts of *Indiana* have given to the provision. *Weinzorpflin* v. *The State,* 7 Blackf. 186.— *Wright* v. *The State,* 5 Ind. R. 290.

The courts above named which hold that being once in jeopardy is being once tried, hold that a discharge of the jury, in the discretion of the court, without rendering a verdict, is no bar to a subsequent prosecution. While the courts which hold that being once in jeopardy is being put upon trial or, &c., hold that courts cannot, in their discretion, discharge the jury to whom the cause of the prisoner has been submitted. *Gibson, C. J.* of *Pennsylvania,* after arguing that the citizen has some other assurance of his constitutional right than the discretion of a magistrate, says: "If discretion is to be called in, there can be no remedy for the most palpable abuse of it, but an interposition of the power to pardon, &c. Surely every right secured by the constitution is guarded by sanctions more imperative." Quoted in Wharton's Cr. L. p. 263 *et seq.* 1 Wat. Archbold, 172. The Supreme Court of this State has already adopted these views. *Wright* v. *The State, supra.*

The discharge of the jury must result from necessity, a necessity determined by law, or it will release the prisoner. See also *Wright* v. *The State,* 7 Ind. R. 324. Does the fact that the jury, after a twelve hours' consultation, report that they cannot agree, constitute such a necessity? This is the only remaining question. And it is already judicially settled in the negative by the same

Nov. Term,
1856.

courts whose decisions we have followed on the construction of the clause in the constitution above quoted, and on the subject of discharge by discretion. Those decisions we must follow, unless our statute directs otherwise. The code of criminal practice makes no provision upon the subject, and those in the civil code do not govern in criminal practice; and we cannot apply them, as furnishing reasonable rules, where they would conflict with a judicially settled construction of a clause in the constitution.

The Court should have discharged the prisoner.

But as the appeal in the cause was irregularly taken, it must be dismissed.

*Per Curiam.*—The appeal is dismissed with costs.

*W. F. Lane* and *E. A. Greenlee*, for the appellant.