Nov. Term,
1856.

REESE
v.
THE STATE.

REESE v. THE STATE.

Indictment for grand larceny. On the last day of the term the jury reported that they could not agree, and the Court discharged them. *Held*, that this was equivalent to a verdict of acquittal.

A cause which has not progressed to final judgment, is not appealable.

*Thursday, January 8, 1857.*

APPEAL from the *Boone* Circuit Court.

*Per Curiam.*—This was an indictment for grand larceny. The cause was submitted to a jury on *Friday* evening, being the 11th day of the *September* term of said Court, *A. D.* 1856. And at one o'clock on *Saturday*, the 12th and last day of that term, the jury returned into Court, and reported that they could not agree. Upon that report the Court discharged them. And therefore the defendant moved that a jury be impanneled immediately, and that he be then put on trial, and that there be no continuance of the cause. The Court refused the motion, on the ground "that the term was too far spent to begin a trial of that kind; that the witnesses for the State were twelve or fifteen miles distant, and the regular panel of jurors had been discharged; that the witnesses could not be re-summoned and a jury found within the time set for the Court; that *Clinton* Circuit Court was set for next *Monday*, and then followed *Warren*, by law."

The defendant, then, moved the Court to appoint and hold a special term for the purpose of trying the cause; which motion was overruled. And thereupon he moved to be discharged from custody; but this motion was, also, overruled.

The discharge of the jury in this case, upon their mere report that they could not agree was, in our opinion, equivalent to a verdict of acquittal. *Miller* v. *The State*, at the present term (1). See, also, *Wright* v *The State*, 5 Ind. R. 290. But there being no final judgment in the Circuit Court, the case was not appealable. The appeal is therefore, dismissed with costs, &c.

*A. J. Boone* and *H. Shannon*, for the appellant.

(1) *Ante*, 325.