May Term,
**1857.**

SHROYER
v.
LAWRENCE.

SHROYER *v.* LAWRENCE.

An appeal cannot be taken to the Supreme Court, by agreement of parties, before final judgment.

Monday,
June 8.

APPEAL from the *Bartholomew* Court of Common Pleas.

*Per Curiam.*—*Lawrence* sued *Shroyer* upon an account consisting of various items, which, in the aggregate, amount to 231 dollars. There was a demurrer to the complaint overruled. The defendant then filed an answer containing two paragraphs. A demurrer was sustained to the first, and to the second there was a reply, to which the defendant demurred; but his demurrer was overruled. At this stage of the proceedings the parties filed an agreement which is set forth in the record, and is as follows:

"It is agreed, &c., that the defendant may appeal to the Supreme Court from the decisions already made in said cause by this Court, with the same rights as if final judgment had been rendered in the cause, and that all further proceedings therein in this Court shall be stayed, and said cause shall be continued until the decision of the Supreme Court, on the questions presented, shall be certified, &c.; and that further proceedings in this cause, in this Court, shall depend upon, and be governed by, the decision of the Supreme Court therein."

Upon the filing of the above agreement, the Court, in accordance therewith, ordered the case to be continued, &c.

The code says, "Appeals may be taken from the Courts of Common Pleas and Circuit Courts to the Supreme Court, by either party, from all final judgments." 2 R. S. p. 158. This rule of procedure at once shows that the case made by the record is not properly before us. In addition to the objection that there is no final judgment, it may be assumed that the appellate jurisdiction of this Court can, in no instance, be conferred by the agreement of parties.

Let the appeal be dismissed with costs.

*R. Hill*, for the appellant.

*W. Herod* and *S. Stansifer*, for the appellee.