STEPHENS, Defendant in Error, v. HUME *et al.*, Plaintiffs in Error.

| 25 | 349 |
| 100 | 96 |
| 25 | 249 |
| 142 | 93 |
| 25 | 349 |
| 152 | 581 |

1. The first judgment in an action for partition is interlocutory; a writ of error will not lie thereto.
2. Upon a descent cast no entry or actual possession is necessary in order to entitle a husband to curtesy.

### *Error to Moniteau Circuit Court.*

Reuben Hume died December 1st, 1851, seized of certain tracts of land. He left him, surviving, his widow, Elizabeth Hume, and children, of whom Nancy J. Stephens, the wife of plaintiff, was one, and grand-children. An undivided interest in said tracts of one-seventh vested in said Nancy, the wife of plaintiff. At the death of said Reuben Hume, issue of the marriage of the said Nancy and plaintiff was living. The wife of plaintiff died before the institution of this suit. Plaintiff prays that an apportionment of said tracts be made and that a life interest of one-seventh, which he alleges has vested in him as tenant by the curtesy, may be set apart to him.

Defendants, the widow and heirs of Reuben Hume, set up in their answer that the said widow has ever since the death of Reuben Hume remained in possession of the tracts of land described in the petition, no dower having been assigned to her.

The plaintiff demurred to the answer. The demurrer was sustained.

*Gardenhire* and *Morrow*, for plaintiffs in error.

I. A tenancy by the curtesy can not be supported by a constructive seizin; there must be an actual seizin in the

23—VOL. XXV.

wife during the coverture, the birth of a living child, and the (death of both child) and mother during such seizin. (Mercer v. Lessee, 1 How. 54; 4 Kent, Com. 28; R. C. 1845, p. 439, 421.)

*Stephens & Vest*, for defendant in error.

I. The widow's quarantine does not affect the inheritance of the heirs or any estate incident to it. In point of tenure the widow holds of the heirs, and until the assignment of dower she has no estate in the lands, being neither joint tenant nor tenant in common with the heirs. (4 Kent Com. 62; McClanahan v. Porter, 10 Mo. 751; 3 Marsh. 1113.) Descents with us depend, not on actual seizin, but on the statute regulating descents, and after a descent cast no entry or other act is necessary in order to entitle a husband to curtesy in his wife's land. (Reaume v. Chambers, 22 Mo. 36; Harvey v. Wickham, 23 Mo. 112.)

Scott, Judge, delivered the opinion of the court.

This writ of error was prematurely sued out, as there was no final judgment in the cause. This was a proceeding in partition, and in such there are two judgments—the one interlocutory, and the other final. The first is *quod partitio fiet inter partes de tenementis*, upon which a writ or commission goes, commanding that partition be made; and upon the return of this writ or commission executed, if the proceedings are approved by the court, the second judgment is given *quod partitio firma et stabilis in perpetuum teneatur*. This is the principal judgment, and before it is given no writ of error does lie. (Gudgell & Austin v. Mead and others, 8 Mo. 55.) This writ must then be dismissed.

In the case of Reaume v. Chambers, 22 Mo. 54, it was held that the actual seizin of the wife was not necessary to entitle the husband to curtesy. (1 Hill. on Real Prop. 76, 77.) The permission given by the statute to the wife to remain in possession of her deceased husband's mansion house,

and the messuages or plantation thereto belonging, does not affect the right to curtesy. Such possession is not adverse to the heirs of the husband. Writ dismissed; Judge Ryland concurring; Judge Leonard absent.