IVORY, Defendant in Error, v. DELORE *et al.*, Plaintiffs in Error.

1. The first judgment in an action of partition is interlocutory : a writ of error will not lie thereto.
2. In an action of partition, the plaintiff may, at any time before the cause is submitted to the court on the question of confirming the report of the commissioners, take a nonsuit.

*Error to St. Louis Land Court.*

This was an action for partition. The commissioners appointed to make partition made their report to the court. The plaintiff moved the court to dismiss the suit at his costs; which motion the court granted, and the plaintiff accordingly took a nonsuit. The defendants resisted the action of the court in permitting plaintiff to take a nonsuit.

*Casselberry*, for plaintiffs in error.

I. Plaintiff could not, without the consent of the defendants, dismiss the cause after it had progressed so far. The defendants protested against the dismissal of the suit, and requested the court to go on and make partition according to the judgment ascertaining the rights of the parties. A writ of error will lie. There was a final judgment. The *dismissal* of the case was a final judgment. The order of the court overruling the motion to set aside the order of dismissal at least was a final judgment. The defendants had a right to partition.

*P. B. Garesché*, for defendant in error.

I. The plaintiff had the right to dismiss the suit at the stage of the proceedings at which such leave was granted. (2 Sellon's Prac. 218, 219; Allnott on Part. 73; R. C. 1845, p. 901; 4 Bac. Abr. 505; 25 Mo. 349; 1 Barb. Ch. Prac. 228; 1 Dickens, 281.)

RICHARDSON, Judge, delivered the opinion of the court.

In a suit for partition there are two judgments, and as the last, which is given on the coming in of the report of commissioners, is the principal and the final judgment, the first, *quod partitio fiat*, is only interlocutory, upon which a writ of error will not lie; and the reason given by Bacon for this is that before final judgment the plaintiff may be nonsuited. (Stephens v. Hume, 25 Mo. 349; Allnott on Part. 27; 4 Bac. Abr. 505.) And no doubt when this case was here be-

fore on another branch of it, the court overlooked the fact that a final judgment had not been rendered.

Under our statute, a plaintiff can not take a voluntary nonsuit after the cause is finally submitted to the court or jury ; and therefore the petitioner in an action for partition can not discontinue after the cause is submitted on the question of confirming the report; but, until that stage of the proceeding is reached, we do not see how the plaintiff can be denied, consistently with established rules of law, the right to dismiss.

This is a hard case and it seems unreasonable after it had cost so much time and trouble, and the proceedings had almost ripened into a final judgment, that the plaintiff, without any apparent cause, should be permitted to dismiss the suit; but the rule is too well settled to be disturbed, and we have no authority to make exceptions to it in order to save hard cases.

If there is a struggle between the parties as to whether the land shall be divided or sold, and the difficulty in dividing results from the number of parties in interest, it may perhaps be obviated by having the shares of the defendants or a portion of them set off together in one parcel.

The other judges concurring, the judgment will be affirmed.