Nov. Term,
1859.

FULLEN-
WIDER
v.
SAYLER.

held a good bar to the action, because the deed did not contain the specifications of the patent.

It was no bar. The deed sufficiently identified the thing sold. That was all that was required. If the purchaser wanted a copy of the specifications, he could send to the patent office and get them.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. C. Downey* and *H. A. Downey*, for the appellants.

---

## WOOD and Wife *v.* WILKINSON and Wife.

*Wednesday,
December 7.*

APPEAL from the *Franklin* Court of Common Pleas.

*Per Curiam.*—This was an application for partition of real estate. Partition ordered, and commissioners appointed to make it. No report by commissioners. From the order of partition this appeal was taken.

The appeal does not lie from such order. *Griffin* v. *Griffin*, 10 Ind. R. 170 (1).

The appeal is dismissed.

*G. Holland*, for the appellants.

*L. Barbour* and *J. D. Howland*, for the appellees.

(1) See, also, 2 R. S. p. 330, § 8; 7 Ind. R. 345, 524; 8 *id.* 325, 377, 416; 9 *id.* 238, 322.

---

## FULLENWIDER *v.* SAYLER.

*Wednesday,
December 7.*

APPEAL from the *Jasper* Court of Common Pleas.

*Per Curiam.*—No errors being assigned in this case, the appeal is dismissed at the cost of the appellant.