CREWS and Others *v.* CLEGHORN and Another.

A defendant constructively summoned has a right to appear and defend at any time before final judgment in the cause.

An order for the sale of land of a deceased person, by the proper Court, is not a final judgment.

The simple dismissal of a suit is no bar to another suit upon the same cause of action.

*Quære,* whether, where land is reserved to an *Indian,* and restricted from sale without the consent of the president of the *United States,* a Court, after the death of such *Indian,* can order the land to be sold without the consent of the president.

*Wednesday,*
*December 14.*

APPEAL from the *Laporte* Court of Common Pleas.

PERKINS, J.—In 1826, there was granted, by the *United States,* to *Ann Sharp,* an *Indian* woman, a tract of land in *Laporte* county. The grant was contained in the terms of an *Indian* treaty, made at the mouth of the *Mississinewa* river, in *Indiana,* and was coupled with this restriction, viz., that the land so granted should never be conveyed by the said *Ann Sharp,* or her heirs, without the consent of the president of the *United States.* U. S. Stat. at Large, vol. 7, pp. 295 to 299. Subsequently *Ann Sharp* married *Luther Rice,* and bore him a son named *William M. Rice,* in the *Indian* territory west of the state of *Missouri.* *Luther Rice* died. His widow, once *Ann Sharp,* married *William W. Cleghorn.* Subsequently she died, leaving no child by *Cleghorn.* *Cleghorn* alleged that she made a will, and he procured probate of it in *Missouri.* He then came to *Laporte* county, *Indiana,* and applied for an order to sell the land granted to *Ann Sharp* by the treaty above named. He made publication against *William M. Rice,* sole heir of *Ann,* then being a resident in the *Indian* country west of *Missouri.*

The *Laporte* Common Pleas Court ordered a sale, and it was made. In the meantime, *William M. Rice,* the heir of *Ann Sharp,* sold the land, with the approbation of the president of the *United States,* to *Crews* and *Sherman.* Subsequently *Rice, Crews,* and *Sherman* appeared in Court and applied to have the proceedings for the sale of the land

set aside. Afterwards they dismissed their proceedings, and the Court set aside the sale.

*Cleghorn* then renewed his motion for an order to sell the land, and *Rice*, *Crews*, and *Sherman* opposed it. But the Court seems to have been of the opinion that they had no right to be further heard, and, therefore, refused to give instructions asked by them, or to require the jury to find specially upon questions propounded, &c.

The code provides that a defendant constructively summoned, shall be allowed, at any time before judgment, to appear and defend the action; and upon a substantial defense being disclosed, time may be given on reasonable terms, to prepare for trial. 2 R. S. p. 125.

In this case, *Rice*, one of the defendants, was constructively summoned; and the others, who claimed the right to appear as defendants, derived title through him, and were proper parties-defendant.

The statute above quoted, we have no doubt, gives the right to appear and defend till final judgment.

The order to sell was not such. *Staley* v. *Dorset*, 11 Ind. R. 367.

This being the case, when the sale that had been made was set aside, the defendants, upon showing, as they did, sufficient grounds, should have been let in to answer the complaint for the order of sale, and to defeat the application for it entirely, if, upon all the facts of the case, it ought not to have been made, or to be continued. They were not estopped from doing this by anything appearing in the previous proceedings in the suit. The simple dismissal of a suit is no bar to another for the same cause.

The question has been suggested, how the executor of *Ann Sharp* can procure the sale of land, which she could not have made herself without permission of the president? The question is a grave one, which we will not consider till it has been argued. See *Doe* v. *Beardsley*, 2 McLean, 412; *Verden* v. *Coleman*, 4 Ind. R. 457; *Doe* v. *Avaline*, 8 *id.* 6; *Harris* v. *Doe*, 3 *id.* 494.

The judgment below is reversed with costs, and the proceedings set aside to the complaint, with leave to the de-

Nov. Term, 1859.

fendants to answer it as fully as they might have done had they appeared to it before any order of sale was made.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. B. Niles* and *J. A. Liston*, for the appellants.