Nov. Term, 1860.

CLESTER
v.
GIBSON.

*Lucien Barbour* and *John D. Howland*, for appellees.

---

## CLESTER *v.* GIBSON and Others.

In proceedings for the partition of lands, the interlocutory decree for partition and the appointment of commissioners, does not constitute a final judgment; and no appeal can be taken to this Court till the coming in of the report of the commissioners.

Monday,
November 26.

APPEAL from the *Grant* Common Pleas.

*Per Curiam.*—This was a complaint for partition of real estate. *Clester* was the defendant below, and *Gibson* and

others, the plaintiffs. The issues were submitted to a jury; verdict for the plaintiffs. Defendant moved for a new trial; but his motion was overruled, and he excepted. Thereupon, the court ordered partition, &c., and appointed commissioners to make it, who were directed to report at a subsequent term. Defendant appeals to this Court. We have often decided that an order for partition, and the appointment of commissioners to make partition, do not constitute a final judgment in the cause, and that, until the coming in of the report of the commissioners, there is no appeal to the Supreme Court. *Griffin* v. *Griffin*, 10 Ind. 170.—*Cook et al.* v. *Knickerbocker*, 11 Ind. 230.—*Hunter* v. *Miller*, Id. 356. It follows, that the appeal in this case, must be dismissed.

Appeal dismissed with costs.

*J. Brownlee*, for appellant.

*Isaac Van Devanter* and *James F. McDowell*, for appellee.