## Davis and Wife *v.* Davis and Others.

APPEAL.—*Partition.*—In a proceeding for the partition of lands, the interlocutory decree for partition and appointment of commissioners does not constitute a final judgment; and no appeal can be taken to the Supreme Court in such proceeding till the coming in of the report of the commissioners and the judgment of the court thereon.

JURISDICTION.—*Supreme Court.*—Jurisdiction cannot be conferred upon the Supreme Court by consent; nor can this court by taking and exercising jurisdiction in a cause where the right of appeal does not exist, acquire jurisdiction so as to give the force and effect of a decision to its ruling.

APPEAL from the Madison Circuit Court.

BUSKIRK, J.—This was a proceeding instituted by the appellants against the appellees to obtain the partition of the real estate described in the petition. There was an answer filed to the petition, and a cross complaint was filed by Ann Davis, to which there was an answer. The case was, by the agreement of the parties, submitted to the court for trial. The court rendered a special finding of facts and his conclusions of law thereon. There was no exception to the decision of the court. A motion for a new trial was made, overruled, and an exception taken. The court then rendered an interlocutory order of partition, and appointed commissioners to make partition, and directed them to report at the next term. From this order the appellants appealed to this court. An appeal can only be taken to this court from a final judgment. *Miller* v. *The State*, 8 Ind. 325; *Reese* v. *The State*, 8 Ind. 416; *Bradley* v. *Bearss*, 4 Ind. 186; *Shroyer* v. *Lawrence*, 9 Ind. 322; *Reese* v. *Beck*, 9 Ind. 238; *Pigg* v. *The State*, 9 Ind. 363; *Cole* v. *Peniwell*, 5 Blackf. 175; *Fuller* v. *Adams*, 12 Ind. 559; *Staley* v. *Dorset*, 11 Ind. 367; *Love* v. *Mikals*, 12 Ind. 439; *Crews* v. *Cleghorn*, 13 Ind. 438; *House* v. *Wright*, 22 Ind. 383.

In proceedings for the partition of lands, the interlocutory decree for partition and appointment of commissioners does not constitute a final judgment; and no appeal can be taken to this court till the coming in of the report of the commis-

sioners and the judgment of the court thereon. *Clester* v. *Gibson*, 15 Ind. 10; *Griffin* v. *Griffin*, 10 Ind. 170; *Cook* v. *Knickerbocker*, 11 Ind. 230; *Wood* v. *Wilkinson*, 13 Ind. 352.

There was no final judgment in the case under consideration, and consequently no appeal could be taken. Jurisdiction cannot be conferred on this court by consent. Nor can this court, by taking and exercising jurisdiction in a cause where the right of appeal does not exist, acquire jurisdiction so as to give the force and effect of a decision to its ruling. Its decision would be merely an *obiter dictum*.

This appeal is dismissed, at the costs of the appellants, and the cause is remanded, with directions to the court below to receive the report of the commissioners, or if any of those appointed cannot act, to appoint others, and for further proceedings not inconsistent with this opinion.

*M. S. Robinson*, for appellants.

*W. R. Pierse* and *H. D. Thompson*, for appellees.