Wingo v. The State.

---

No. 11,993.

WINGO v. THE STATE.

CRIMINAL LAW.—*Appeal.*—The statute gives an appeal only from a final judgment; and the agreement of a prosecuting attorney can not confer the right to appeal from an interlocutory judgment against the defendant upon demurrer to a plea.

From the Vigo Circuit Court.

*W. E. McLean*, for appellant.

*F. T. Hord*, Attorney General, and *W. B. Hord*, for the State.

ELLIOTT, J.—The appellant was tried upon a charge of larceny and acquitted. This judgment was sustained by this court upon the ground that he could not be guilty of the offence of larceny under the statute, because the offence charged constituted embezzlement. *State* v. *Wingo*, 89 Ind. 204. The court below, upon his acquittal, directed that he be taken into

custody on the latter charge. To the indictment charging the crime of embezzlement the appellant pleaded in bar the former judgment acquitting him of larceny, and to this plea the demurrer of the State was sustained, but no final judgment was rendered. The prosecuting attorney signed an agreement stipulating that the appellant should have the right of appeal, but the attorney general here contends that we can not entertain the appeal, because there was no final judgment.

Waiving the question of the authority of the prosecuting attorney to bind the State by such an agreement, we declare that it is without force, for the reason that consent can not confer jurisdiction of the subject-matter of a legal controversy. It is a familiar principle that consent can not invest courts with jurisdiction of the subject-matter, although it may give jurisdiction of the person. *Doctor* v. *Hartman*, 74 Ind. 221.

We must, therefore, disregard this agreement, and ascertain whether the law gives jurisdiction in a criminal case where there is no final judgment. The statute provides that appeals may be taken "in the manner and in the cases prescribed herein," and that "All appeals must be taken within one year after the judgment is rendered." In another place it is provided that an appeal does not stay execution. R. S. 1881, sections 1881, 1885, 1888. These provisions evidently contemplate appeals from final judgments, and do not allow appeals from rulings made upon pleadings, or made during the trial. Our decisions have uniformly declared that it is only from final judgments that appeals will lie. In the case of *Miller* v. *State*, 8 Ind. 325, upon which appellant relies, it was held that "A cause which has not progressed to final judgment, is not appealable to this court." The court, in *Farrel* v. *State*, 7 Ind. 345, said, that "The 148th section is general, allowing the appeal, as a matter of right, where judgment is given against the defendant. This has reference to a final judgment, as the subsequent sections, particularly the 161st, plainly show." A similar ruling was made in *Reese* v. *State*,

8 Ind. 416, *Woolley* v. *State*, 8 Ind. 377, *Pigg* v. *State*, 9 Ind. 363, *State* v. *Ely*, 11 Ind. 313, *State* v. *Spencer*, 92 Ind. 115.

We have no jurisdiction of this appeal, and will not consider any of the questions presented by the ruling on the demurrer to the appellant's plea. Appeal dismissed.

Filed Jan. 6, 1885.