The Western Union Telegraph Company *v.* Locke, Administrator.

Filed June 18, 1886.

No. 12,941.

THE WESTERN UNION TELEGRAPH COMPANY *v.* LOCKE, ADMINISTRATOR.

APPEAL.— *Will not Lie from Order Requiring Production of Document.*—An appeal will not lie from an order requiring a party to produce a document for inspection, or to be used as evidence. Section 646, R. S. 1881, does not apply.

From the Huntington Circuit Court.

*C. B. Stuart* and *W. V. Stuart,* for appellant.

*H. J. Shirk, J. Mitchell, J. L. Farrar* and *J. Farrar,* for appellee.

ELLIOTT, J.—The appellant prosecutes this appeal from an order directing it to produce a written instrument, and the appellee denies that an appeal will lie. The question, therefore, is, will an appeal lie from an order requiring a party to produce a document?

It is declared by the very great weight of authority, that an appeal will lie only from final judgments, unless the statute otherwise expressly provides. Mr. Powell says: "The rule that an appeal only lies upon a final decree, judgment or order, seems to prevail throughout the States; and that it can not be taken upon an interlocutory order unless expressly allowed by statute. A judicial decision is essential as the foundation of an appeal." Powell App. Proceed. 367.

Freeman says: "The policy of the laws of the several States and of the United States, is to prevent unnecessary appeals. The appellate courts will not review cases by piecemeal. The interests of litigants require that cases should not be prematurely brought to the higher courts. The errors complained of might be corrected in the court in which they originated; or the party injured by them might, notwithstanding the injury, have final judgment in his favor. If a judgment, interlocutory in its nature, were the subject of appeal, each of such judgments rendered in the case could be brought before the appellate court, and litigants harassed by useless delay and expense, and the courts burdened with unnecessary labor." Freeman Judg., section 33. Another author says: "To authorize an appeal, there must be a judgment," and adds: "In addition to this requisite, appeal, like a writ of error, is generally confined to a final judgment. It can not be taken, unless expressly authorized by statute, from a judgment merely interlocutory or provisional." Hilliard New Trials (2d ed.), 712.

We do not think it necessary to refer to the numerous cases cited by these authors, for there is no diversity of opinion, and our own cases have recognized as correct the rule stated by them. *Miller* v. *State,* 8 Ind. 325; *Reese* v. *State,* 8 Ind. 416; *Reese* v. *Beck,* 9 Ind. 238; *Hamrick* v. *Danville, etc., G. R. Co.,* 30 Ind. 147; *State* v. *Ely,* 11 Ind. 313; *Northcutt* v. *Buckles,* 60 Ind. 577.

It is indeed settled that the general rule is, that parties can not by agreement take a case by appeal to the Supreme Court, unless there is a final judgment. *Shroyer* v. *Lawrence,* 9 Ind. 322; *Wingo* v. *State,* 99 Ind. 343. We affirm, therefore, that the general rule is that appeals will lie only from final judgments.

The order directing the production of the contract between the appellant and the railroad company is an order made in the progress of the cause and is not a final judgment. If it should be conceded that such an order is final, then it must

be so held in every case where a written instrument is ordered to be produced, whether it be a promissory note, a receipt, a deed, a lease or any other written instrument, and such a holding would enable litigants to vex their adversaries in the simplest cases by groundless and expensive delays. The spirit of our cases and the principles of our law are against the practice here contended for by the appellant, and upon a careful search we have found no case recognizing such an order as that appealed from as a final judgment. It is not a final judgment within any definition that we have seen. A final judgment was thus described in one of our own cases: "A final judgment is the ultimate determination of the court upon the whole matter in controversy in the action. An order of the court, made in the progress of the cause, requiring something to be done or observed, but not determining the controversy, is an interlocutory order, and is sometimes called an interlocutory judgment." *Pfeiffer* v. *Crane,* 89 Ind. 485. Mr. Freeman says: "The general rule recognized by the courts of the United States, and by the courts of most, if not of all the states, is that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it." Freeman Judg., section 34. At another place this author says: "So far as any general distinguishing test can be gathered from the numerous decisions, it is this: That, if after a decree has been entered, no further questions can come before the court, except such as are necessary to be determined in carrying the decree into effect, the decree is final; otherwise it is interlocutory." Freeman Judg., section 36.

It is said by another author, citing many cases, that " The idea of an appeal is, that it is for the purpose of a rehearing of the whole case upon its merits." Powell Appellate Proceedings, 369. We are referred to several cases decided by the Supreme Court of New York, but we find on examination

that they are founded on a statute of a peculiar character, and that there is a direct conflict in the decisions of that court, so that the decisions referred to can not be regarded as authority elsewhere than in New York, even if they can be so regarded in that jurisdiction. Wait Annotated Code, 685, 688.

The case of *Cummer* v. *Kent Judge*, 38 Mich. 351, was an application for a mandate to compel a judge to vacate an order of discovery, and in two essential respects it differs from the present: 1st. It was not an attack upon an interlocutory order made upon a party to produce instruments of evidence. 2d. The opinion proceeds upon the theory that the trial court had no jurisdiction to make the order, for it is said in the conclusion of the opinion that " The order was not a legitimate exercise of jurisdiction." Whatever may be thought of the correctness of the decision, it is evident that it is not of controlling authority in our State where there is a statute expressly authorizing the court to make an order to produce papers and documents. R. S. 1881, sections 479, 480. It is to be kept in mind that in this instance the court had jurisdiction of the subject-matter and of the person, and although it may have erred the error can only be corrected on an appeal properly taken, so that the question here is not one of jurisdiction. The decision in *Taylor* v. *Sweet*, 40 Mich. 736, is not in point, for there the judgment fully and finally settled the rights of litigants to a fund claimed by them. We do not regard the decision in *Drury* v. *Young*, 58 Md. 546, as favorable to the appellant, for the court there said : " It was at the option of the defendants to have refused to produce the paper at the trial, and take the risk of a judgment by default, and if the court below should have determined to render one against them, and upon an appeal from such judgment, the question would have been properly before us." To us it seems clear that this language will justly bear but one construction, and that is, that the opinion of the court was that the only way in which the question can come before the appellate court is by appeal after final judgment. It is per-

haps but just to appellant's counsel to quote their own expression of opinion.   After reviewing the authorities, they say :   " We confess to some doubts as to this being a final judgment within the meaning of our statute, from which an appeal will lie, and yet if the decision of the Supreme Court of Michigan lays down the correct rule, this order is, it seems to us, for the reasons stated, a final judgment."

The second position occupied by appellant's counsel is thus stated by them :  " 2d.  But, however the court may determine that question, we do submit that the order in the case at bar is an interlocutory order within the meaning of section 646 of the statute."   So far as that section is material to the present discussion it reads thus:  "Appeals to the Supreme Court may be taken from an interlocutory order of any circuit court or judge thereof, in the following cases :  *First.* For the payment of money, to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents, or things in action." R. S. 1881, section 646.

It is quite clear that this provision can not be construed to refer to the production of documents to be used as instruments of evidence, since no delivery in the sense intended by the statute is required by an order directing the production of a document for inspection or for use as evidence upon the trial.   The delivery of a document is more than the production of it, for delivery imports a surrender or parting with possession for a permanent purpose.   A familiar illustration of the meaning of the word " delivery " is found in the law upon the subject of the execution of deeds, as well as in the law of contracts.   Of its meaning in the law of contracts Judge Bouvier gives this definition :  " The transfer of the possession of a thing from one person to another."   Bouvier Dict., Title Delivery.  But the meaning of words is to be determined from those with which they are associated, or, as the maxim is, "*Noscitur a sociis*," and the words with which the word " delivery " is associated very plainly show that it was

not used as meaning the production of an instrument of evidence for the purposes of the trial.

The statutory provision quoted refers to an order compelling the person against whom it is directed to do an act divesting himself of possession and title, for no other meaning can be justly assigned to the words " execution," " assignment" or " delivery," and these are the words which control the provision. It can not be even plausibly maintained that these words refer to the mere production of documents for inspection, for this would be to wrench them from their well known and long accepted meaning. We can not bring our minds to the conclusion that this statute was intended to give the right of appeal in every case where there is an order for the production of a document for use as evidence on the trial, and unless this right of appeal exists in every case, whether the instrument directed to be produced be a promissory note, a receipt, a lease or a deed, it exists in none. It is easy to see that the administration of justice might be seriously embarrassed and vexatious delays secured, if appeals could be taken in every case where a written instrument is ordered to be produced for use as evidence on the trial of the cause.

It is very ingeniously and ably argued that great hardship might often result from the error of a trial court in directing the production of a document, but there are many cases in which the erroneous ruling of the trial court on a question arising in the course of the proceeding may produce great hardship, yet this consideration supplies no reason for allowing an appeal. The truth is, that in every case much must necessarily be left, in the first instance, to the sound judgment of the trial judge, and although he may err and thus cause serious injury to the party, still no appeal will lie until after the final judgment, for the case can not be cut up into parts and tried by piecemeal. An error in compelling a party to give oral testimony may be as injurious as one made in directing the production of written instruments of evi-

dence, but certainly in such a case there can be no appeal until after final judgment. So, an error may be committed in compelling the disclosure of confidential communications, or in compelling a party to submit to a personal examination, and yet there can be no appeal from such a ruling. So, also, great hardship may arise from erroneously compelling a party to produce a letter, a receipt, a promissory note, a lease or a deed, but the hardship of the case will not entitle the party to an appeal. On the other hand, to allow appeals from such rulings before final judgment, would be a great hardship to the party rightfully demanding the production of the instrument; it would also be a great injustice to the public and a burden to the courts, for it would enable litigants to take many appeals in a single cause.

It is safer to trust the trial judge than the interested parties. It is consistent with experience and in harmony with sound principle to trust to the judge rather than to the parties having important interests at stake and often angered by controversy. It is far better to presume that the judge will not unjustly require the production of a written document, than to presume that a party will not abuse the right of appeal. It is, therefore, important that the right of appeal from all interlocutory orders should be carefully guarded, and the statutes conferring it strictly construed. On this point the authorities agree.

Appeal dismissed.

Filed June 15, 1886.