REGINA MARROW v. WILLIAM O. GILBERT, ADMINIS-
TRATOR.

FILED JUNE 16, 1897.   No. 7811.

1. Review: FINAL ORDERS. This court's appellate jurisdiction in error proceedings is limited to final orders and judgments made by the district courts.

2. ———: ———. An order was made setting aside a verdict. After the term at which this was done a motion was filed to vacate said order. The record brought here recites: "The court finds that the order granting a new trial was made contrary to, and in violation of, the rules of this court, * * * was prejudicial error, and erroneously granted, * * * and the court would set aside said order granting said new trial had this court jurisdiction to do so." *Held*, Not a final order.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Proceeding in error dismissed.*

*Byron G. Burbank* and *V. O. Strickler*, for plaintiff in error.

*O'Neill & Gilbert* and *Cowin & McHugh*, contra.

RAGAN, C.

In the district court of Douglas county, Regina Marrow sued Emily Hespler for damages for an assault and battery. The jury returned a verdict in favor of plaintiff.

On motion of Mrs. Hespler this verdict was by the district court set aside. After the adjournment of the term of court at which said verdict was set aside, Mrs. Marrow filed a motion to set aside the order of the district court setting aside the verdict of the jury. The printed abstract on which the case is submitted recites: "The court being fully advised in reference to the motion for leave to file a motion to set aside the order    *    *    *    granting a new trial,    *    *    *    and after hearing arguments by counsel for both parties, it is ordered that plaintiff be, and hereby is, given leave to file said motion and to argue and have a hearing on the same;    *    *    *    whereupon, by consent of both parties, came on to be heard said motion to set aside the said order.    *    *    *    After arguments of counsel the court finds that the order    *    *    *    granting a new trial was made contrary to, and in violation of, the rules of this court    *    *    *    then in force,    *    *    *    and was prejudicial error, and erroneously granted by the court and obtained by the defendant, and the court would set aside said order    *    *    *    granting said new trial had this court jurisdiction to do so."    *    *    A petition in error has been filed here by Mrs. Marrow to review this action of the district court.

Section 581 of the Code of Civil Procedure provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order, which may be vacated, modified, or reversed as provided in this title." It will thus be seen that the Code authorizes this court to review final orders made by the district courts. But in the case at bar the district court made no order on the motion filed to set aside the order granting a new trial. All that can be claimed for the record is that the court heard arguments upon this motion, found that it was meritorious, and expressed the opinion that it had no jurisdiction to sustain the motion. But if the court sus-

tained this motion, or overruled it, the record before us does not disclose that fact; and until the district court has passed upon this motion by making an order sustaining it or overruling it, this court cannot review its action. So far as the record before us is concerned, the motion made by Mrs. Marrow is still pending and undetermined in the district court of Douglas county. The proceeding in error is

DISMISSED.