STATE OF NEBRASKA, EX REL. JOHN O. YEISER, V. BEECHER HIGBY, CITY CLERK.

FILED NOVEMBER 21, 1900.   No. 11,210.

Error Proceeding: FINAL ORDER. Error proceeding can only be prosecuted after the rendition of a final order or judgment in the cause.

ERROR to the district court for Douglas county. Tried below before SLABAUGH, J. Dismissed.

John O. Yeiser, relator, for himself.

W. J. Connell, contra.

NORVAL, C. J.

John O. Yeiser instituted in the district court of Douglas county a proceeding in mandamus to compel the respondent, Beecher Higby, city clerk of the city of Omaha, to submit to the electors of said city a proposed ordinance of said city, under the provisions of chapter 32, Session Laws, 1897, popularly known as the initiative and referendum act. In the application for the writ it was alleged, among other things, that on the 30th day of August, 1898, a petition signed by over fifteen per cent of the duly qualified voters of the city of Omaha, containing a demand that an ordinance adopting the provisions of said chapter 32 be passed by the mayor and

city council or submitted to a vote of the electors of the city of Omaha, was filed with respondent; that said petition contains 3,104 signatures of the voters of the city of Omaha, as shown by the affidavit attached to said petition made by ten of said petitioners, stating under oath that they themselves were duly qualified voters residing as stated after their signatures, and that they believed all the signatures to such petition to be genuine. A purported copy of said petition is set out, following which it is alleged that said respondent submitted to the mayor and city council a certified copy of said proposed ordinance; that the said council refused to pass the same; that respondent refuses to submit said proposed ordinance to the voters of said city, etc., and will not do so unless compelled by the order of said court; and praying for a writ of mandamus to issue, etc. Upon this application an order to show cause was duly issued, and thereafter said respondent made and filed a lengthy return and answer, which we do not deem necessary to set out in this connection. This answer and return relator moved to strike from the files, as being frivolous and made for delay, which motion was overruled by Judge Slabaugh. Relator then filed a demurrer to said answer and return, which the judge declined to consider, the same having been called up in vacation, but did refuse to grant the writ as prayed, and ordered the costs of the proceeding taxed to relator. The relator brings the case here for review, alleging that there was error in overruling the motion to strike the answer and return from the files, in refusing to consider the demurrer to said return and in refusing to grant the writ.

The proceeding in error must be dismissed, because no final order or judgment has been rendered in the cause in the lower court. The court refused to grant the writ, but the proceeding has not been dismissed out of the district court. So far as this record discloses, this cause is still pending in the district court, and the peremptory writ prayed for may yet be granted or allowed. Error

proceeding can not be prosecuted before a final order or judgment has been entered in a cause. Strawn, Supreme Court Practice, 86-91, and cases there cited. The petition in error is, therefore,

DISMISSED.