SWIFT & COMPANY V. FRANK KOUTSKY, MAYOR, ET AL.

FILED MAY 3, 1905. No. 13,863.

Appealable Order. A ruling upon an interlocutory matter is not appealable until the action itself is finally disposed of.

ERROR to the district court for Douglas county: EDMUND M. BARTLETT, JUDGE. *Motion to dismiss sustained.*

*McGilton, Gaines & Storey,* for plaintiff in error.

*A. H. Murdock, W. C. Lambert* and *Frank T. Ransom,* contra.

SEDGWICK, J.:

This plaintiff began an action in the district court for Douglas county against the defendant Frank Koutsky, as mayor, and other defendants, as councilmen, of the city of South Omaha to restrain the passage of certain ordinances providing for the vacating of certain highways in said city, and entering into contract with the Union Pacific Railroad Company for the construction of viaducts and other purposes. No restraining order or temporary injunction having been allowed, it appears that while the action was pending the council proceeded to pass the ordinances which it was sought to enjoin, and the plaintiff thereupon moved the court for leave to file a supplemental petition making new parties and alleging the passage of the ordinances. Objections were filed by the defendants upon various grounds, and upon consideration the court sustained the objections and overruled the motion for leave to file

the supplemental petition. The plaintiff thereupon appealed to this court, and the defendants filed this motion to dismiss the appeal on the ground that there was no final judgment to appeal from. In *State v. Higby,* 60 Neb. 765, the court said:

"The proceeding in error must be dismissed, because no final order or judgment has been rendered in the cause in the lower court. The court refused to grant the writ, but the proceeding has not been dismissed out of the district court. So far as this record discloses, this cause is still pending in the district court, and the peremptory writ prayed for may yet be granted or allowed. Error proceeding cannot be prosecuted before a final order or judgment has been entered in a cause. Strawn, Supreme Court Practice, 86-91, and cases there cited."

Whatever appears to be the rule in other jurisdictions, this court is committed to the rule above announced in various cases referred to in the authority cited. It is urged by the appellant that the overruling of this motion to file the supplemental petition prevented the plaintiff below from obtaining any relief in the case and so virtually disposed of the action, but this is not the test stated in the foregoing quotation. Since the action is still pending in the district court, that court might become convinced of its error, if any, in overruling the motion, and might still allow a supplemental petition to be filed; so that the rule obtains in this state that, unless the main action is finally disposed of, a ruling upon an interlocutory matter is not appealable.

The motion is therefore

SUSTAINED.