EDNA F. SKALLBERG, APELLEE, V. JOHN A. SKALLBERG, APPELLANT.

FILED JUNE 11, 1909. No. 15,705.

1. **Appeal:** DISMISSAL. An appeal will be dismissed where the record does not disclose the rendition of a final order or judgment.

2. ———: FINAL ORDER. A judgment awarding partition and apportionment of shares to the respective parties is not a final order on judgment from which an appeal may be prosecuted.

3. ———: DISMISSAL. Where an appeal in partition is prosecuted to this court before the trial court has acted upon the report of the referees, such appeal will be dismissed.

APPEAL from the district court for Phelps county: ED L. ADAMS, JUDGE. *Appeal dismissed.*

*W. P. Hall, W. D. Oldham* and *H. M. Sinclair,* for appellant.

*A. J. Shafer* and *G. Norberg, contra.*

DEAN, J.

This is an action in partition wherein the court rendered a judgment decreeing partition of certain premises in accordance with the prayer of the plaintiff's petition. Among others, the decree contains the following recitals: "It is further ordered by the court that P. C. Funk be, and he is hereby, appointed referee to make partition of said premises according to the above rights so found and adjudged, and that he make a report of his doing thereon at the next term of this court. It is further ordered by the court that G. H. Johnson be, and he is hereby, appointed a referee herein to make an accounting between the parties for the rents and profits arising from said premises since the death of said Elizabeth Skallberg, and to hear evidence between the parties; that, upon the conclusion of said hearing by said referee, he is hereby ordered to report his findings of fact and conclusions of law

to this court at the next term thereof for further orders of this court." The defendant John A. Skallberg excepted to the decree, assigning numerous errors, and brings the case here for review.

It appears to us from the authority of an unbroken line of decisions in this jurisdiction that the appeal is prematurely brought. "A judgment rendered or final order made by the district court may be reversed, vacated or modified by the supreme court, for errors appearing on the record." Code, sec. 582. This statute was construed in *Mills v. Miller*, 2 Neb. 299. The court, speaking by CROUNSE, J., say: "The record does not disclose whether any sale has been made. If it had been made, it might not have been confirmed; exception to some of the proceedings had in the sale might be taken, which would form the proper subject of review here. So, whatever may be our determination upon the record before us, we may be called on to pass upon those questions liable to arise subsequent to the proceedings as disclosed in the record here." *Clester v. Gibson*, 15 Ind. 10; *Cook v. Knickerbocker*, 11 Ind. 230; *Hunter v. Miller*, 11 Ind. 356; *Stephens v. Hume*, 25 Mo. 349; *Ivory v. Delore*, 26 Mo. 505; *Gates v. Salmon*, 28 Cal. 320; *Peck v. Vandenberg*, 30 Cal. 11; *Mabry v. Dickens*, 31 Ala. 243. The following cases announce a like principle: *State v. Higby*, 60 Neb. 765; *Swift & Co. v. Koutsky*, 73 Neb. 730; *Fauber v. Keim*, ante, p. 167.

The record in the present case is somewhat voluminous and presents many interesting questions. Counsel on each side have submitted learned and exhaustive briefs upon the merits. The plaintiff in his argument urges a dismissal of the appeal for the reason that the defendant has no appealable interest. The defendant undertakes to support the contrary position; but, from the fact that the record discloses that no final order or judgment has been rendered, we are precluded from a consideration and a discussion of that and other points argued in the submission of the case.

For the reasons stated in the opinion, the appeal must be, and it hereby is,

DISMISSED.

FAWCETT, J., not sitting.