CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1924.

S. P. GAINSFORTH, APPELLEE, V. S. C. PETERSON ET AL.,
APPELLANTS.

FILED DECEMBER 31, 1924. No. 22952.

Appealable Order. "A ruling upon an interlocutory matter is not
appealable until the action itself is finally disposed of." *Swift
& Co. v. Koutsky*, 73 Neb. 730.

APPEAL from the district court for Keith county:
CHARLES E. ELDRED, JUDGE. *Appeal dismissed.*

*Hoagland & Carr* and *L. A. DeVoe*, for appellants.

*Beeler, Crosby & Baskins* and *Halligan, Beatty & Hal-
ligan*, contra.

Heard before MORRISSEY, C. J., DEAN, DAY and GOOD,
JJ., and SHEPHERD, District Judge.

PER CURIAM.

Plaintiff brought this suit in the district court for Keith
county to enjoin defendants from selling property belong-
ing to plaintiff, under an execution which was issued upon
a judgment theretofore obtained in the county court in a
case wherein the defendant Peterson was plaintiff and the
plaintiff in this proceeding was defendant. Defendant
Heiser is the county sheriff.

The petition sets out at length the proceedings had in
the county court, and alleges that the judgment therein ob-
tained was void, etc. Defendants first demurred to the peti-
tion and then answered. After a hearing, the court found

generally for plaintiff and against defendants, and found that defendants should be enjoined from taking any action upon the judgment obtained in the county court "until a reasonable time shall have expired, during which plaintiff may take appropriate proceedings in the county court to determine the validity of the judgment complained of."

Following the finding above set out, it was by the court ordered: "That the plaintiff have an injunction against the defendants from enforcing the collection of the judgment of the county court * * * until a reasonable time shall have expired, during which plaintiff may take appropriate proceedings in the county court to determine the validity of the judgment complained of, and that the defendants herein and each of them are hereby enjoined from enforcing or attempting to enforce the collection of the judgment * * * until a reasonable time shall have expired during which plaintiff may take appropriate proceedings in the county court to determine the validity of the judgment complained of"—and costs were awarded.

Section 9128, Comp. St. 1922, provides: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter and chapter 19."

"A ruling upon an interlocutory matter is not appealable until the action itself is finally disposed of." *Swift & Co. v. Koutsky*, 73 Neb. 730. See, also, *Skallberg v. Skallberg*, 84 Neb. 717, *Marrow v. Gilbert*, 52 Neb. 195, and *State v. Higby*, 60 Neb. 765.

The order herein appealed from shows upon its face that it does not in effect determine the action and prevent a judgment, and is not a final order from which an appeal will lie. The appeal is, therefore,

DISMISSED.