CITIZENS TRUST COMPANY, RECEIVER, *v.* WHEELING CAN COMPANY.

[No. 25,238.  Filed June 30, 1927.]

1. JUDGMENT.—*Correction by nunc pro tunc entry.*—A judgment may be corrected by a *nunc pro tunc* entry when, as entered on the order-book, it does not express the judgment or order of the court, and this fact is shown by the court's "bench docket" or other memorandum.    p. 314.

2. TRIAL.—The hearing on a motion to correct the record of a judgment by a *nunc pro tunc* entry is not a trial.    p. 315.

3. JUDGMENT.—*Practice to obtain review of court's action in making or refusing correction of judgment nunc pro tunc.*—Since the hearing on a motion to correct the entry of a judgment by a *nunc pro tunc* entry is not a trial, a new trial thereof is not contemplated, the proper practice being to except to the court's action in making or refusing the correction and then assign such action of the trial court as error.    p. 315.

4. APPEAL.—*Evidence on hearing of motion for nunc pro tunc entry presumed sufficient to justify order.*—On appeal from the action of the court in making a *nunc pro tunc* entry, in the absence of the evidence adduced on the hearing, it must be presumed that the evidence was such as to justify the court's action in ordering the entry to be made. p. 315.

5. RECEIVERS.—*Receiver's application of the funds subject to the order of the court.*—Ordinarily, a receiver has no discretion in the application of the funds in his hands by virtue of the receivership, but holds them strictly subject to the order of the court, and to be disposed of as the court may direct (§1312 Burns 1926), and he has no authority to determine the amounts to be allowed for the services of himself or his attorney.    p. 317.

6. RECEIVERS.—*Order to pay all costs and expenses of receivership does not authorize payment of himself or attorney.*—An order of the court directing a receiver to pay all costs and expenses of the receivership does not authorize him to fix the amount to be allowed for his services or for his attorney and to pay the same without an allowance by the court therefor.    p. 317.

7. RECEIVERS.—*Exceptions to receiver's report form an issue.*—Where exceptions are filed to a part of a receiver's report, the exceptions form an issue for trial without any further pleadings.    p. 317.

8. RECEIVERS.—*Order for receiver to repay to receivership amounts paid to himself and attorney held proper.*—An order of the court requiring a receiver to repay to the funds of the receivership amounts paid by him to himself and his attorney without an allowance by the court, and which were not approved by the court, was proper.    p. 317.

From Dubois Circuit Court; *John F. Dillon*, Judge.

A receiver was appointed for the B. F. Shaver Canning Company. The receiver operated the business of the canning company, sold its property and made current reports to the court. On objections being filed to one of these reports, the court ordered the receiver to repay to the receivership certain amounts paid to itself and its attorney. From this order, the receiver appeals. *Affirmed.*

*A. L. Gray*, for appellant.
*W. E. Cox*, for appellee.

GEMMILL, J.—This is an appeal in a receivership, in which there was an interlocutory order for the payment

of money by the receiver.    The Citizens Trust Company of Huntingburg, Dubois county, Indiana, was appointed receiver of the B. F. Shaver Canning Company, on April 5, 1919, by the Dubois Circuit Court, and entered upon its duties as such receiver.    On January 25, 1922, the receiver filed a petition asking allowances for services rendered by it and by its attorney in the "main estate."    Acting upon an agreement which was signed by the attorneys of some interested parties, but not signed by the appellee or its attorneys, the court appointed Hon. Samuel A. Lambdin, an attorney at law of English, Indiana, as referee to take evidence upon said petition and to report his conclusions to the court.    The referee qualified, heard evidence and filed his report containing his special finding of facts and conclusions of law thereon.    Same showed that the receiver, by order of the court, had operated six canning plants of the canning company for one year, and that the court had allowed fees for the receiver and its attorney for their services in such operation, which fees were paid; and the receiver, pursuant to the order of the court, had sold the real estate and personal property of its trust, and the court had allowed fees for the receiver and its attorney for those services, which fees were paid.    The referee found that the receiver should have a further allowance of $550 for services; and that the attorney for the receiver was entitled to receive the sum of $3,284.81 for his services in addition to the amount already paid to him.    The appellee, as a creditor, objected to the report of the referee.    The court, on October 27, 1923, considered the report of the referee, and according to the record, rendered judgment for the receiver in the sum of $550 and for its attorney in the sum of $3,284.81, and ordered same paid as follows:    $250 to the receiver and $1,250 to the attorney, and the balance of the judgment to be paid to the receiver and its attorney upon the filing

of the final report or further order of the court.

The receiver, on December 15, 1924, filed a current report, which was approved.   This report is not set out in the record and the statement of its contents does not show that any payment was made to the receiver or the attorney for services.   But it is indicated elsewhere in the record that this report showed a payment of $250 to the receiver.   The receiver, on January 25, 1926, filed another current report, which stated that it had paid out in the administration of its trust, under the order of the court, to its attorney $1,750 and to itself $250 as fees.   And the receiver, on April 6, 1926, filed a third current report, in which it claimed credit for $250 paid its attorney as balance of his fee.   The appellee filed objections to said current reports.

The court, on June 23, 1926, after hearing evidence, granted a motion of the appellee for a *nunc pro tunc* entry to correct the judgment of October 27, 1923, in regard to allowance of fees for the receiver and its attorneys, for the reason that, through inadvertence and misprision of the clerk, same did not express the judgment and order of the court, as rendered and given by the court on said date.   The reason stated by the court for this action was sufficient.   The receiver contends that the court did not hear any evidence.   The order made by the court contains the following statement, "and it sufficiently appearing from the minutes on the court's bench docket, to wit:   General Entry claim and allowance Docket No. 5, page 161, and from other evidence introduced at the hearing."   It was ordered that the part of said judgment, a statement of which has been made herein, should be stricken out, and the following should be inserted:   "The report of the referee having not been acted upon as yet, the court now continues the finding of said report but orders that the attorneys for the Receiver be paid $1,500 and the same

shall be considered on the final determination of the referee's report as payment." It was further ordered that the entry be made as of October 27, 1923, *nunc pro tunc*. The receiver objected and excepted to said order. The court thereafter sustained part of appellee's motion objecting to the receiver's current reports, and rejected the part of the reports that showed payment of $1,750 to the receiver's attorney and $500 to the receiver, for the reason that no order was ever granted or given by the court directing, authorizing or empowering the receiver to make said payments. And the receiver was ordered to make a final report and account for said sums.

On appeal, the appellant has assigned as error that the court erred in overruling its motion for a new trial. Four other errors are assigned, but same cannot be considered as separate assignments of error; but those which are available to appellant come under its motion for a new trial. The receiver's motion for a new trial stated that it moved the court for a new trial of the report of the receiver filed at the March term, 1926. The only report filed by the receiver at the March term was the one filed on April 6, 1926. The first cause for a new trial was stated as follows: "The court erred in sustaining the motion of the Wheeling Can Company, for a *nunc pro tunc* entry and in making its order herein granting said petition and motion, and entering its order *nunc pro tunc* correcting, changing and modifying its order of October 27, 1923, rendering judgment on the special findings of facts and conclusions of law by the referee allowing fees to this receiver and its attorney."

The hearing of a motion to correct the record of a judgment by a *nunc pro tunc* entry is not a trial, and the Code of Civil Procedure does not contemplate a new trial of such motion; the proper practice is to except to the action of the court in refusing or making the amendment, and, on appeal, assign such ac-

tion of the trial court for error. *Clause Printing Press Co.* v. *Chicago Trust and Savings Bank* (1897), 148 Ind. 680, 682, 48 N. E. 245; 2 Watson, Revision Works' Practice §2404. The record refers to evidence considered by the court on the motion for a *nunc pro tunc* entry, but the evidence is not in the record. In the absence from the record of the evidence upon which the court acted, it must be presumed that the evidence adduced was such as to justify the action of the court in ordering the *nunc pro tunc* entry. *Salem-Bedford Stone Co.* v. *O'Brien* (1898), 150 Ind. 656, 657, 49 N. E. 457; *Berkey* v. *Rensberger* (1911), 49 Ind. App. 226, 96 N. E. 32; 2 Watson, Rev. Works' Practice §2408. From the record presented, it must be decided that the court did not err in making the *nunc pro tunc* entry. And, in this connection, it may be stated that the record does not show that the receiver's application for allowance of fees and the referee's report have been finally acted upon. And the *nunc pro tunc* entry provides that the attorney for the receiver shall be paid $1,500, "and the same shall be considered on the final determination of the referee's report as payment." It is not claimed that the $1,500 was part of the $1,750 paid to him.

In the current report filed at the March term, the only payment therein not approved by the court was one to the receiver's attorney in the sum of $250. The motion for a new trial was on the report that did not include the payment of $1,750 to the attorney. While there is a confusion of issues, the record is clear that the court's reason for setting aside said payments to the receiver and its attorney and ordering the receiver to account for same, was that the receiver was not authorized to make the payments.

A receiver has no discretion in general in the application of funds in his hands by virtue of his receivership, but holds them strictly subject to the order of the court,

and to be disposed of as the court may direct.
5-8. *Herrick* v. *Miller, Exr.* (1890), 123 Ind. 304, 24
N. E. 111; *Smith* v. *Harris* (1893), 135 Ind. 621,
35 N. E. 984. In §1312 Burns 1926, the powers of
a receiver are thus defined: "The receiver shall have
power, under control of the court or of the judge thereof
in vacation, to bring and defend actions, to take and
keep possession of the property, to receive rents, collect
debts in his own name, and generally to do such acts re-
specting the property as the court or judge thereof may
authorize." The part of the order on the first current
report shown in the record that instructed the receiver
to pay all costs and expenses of the receivership was not
sufficient to authorize the receiver to fix the amounts for
itself and its attorney, and to pay same without an al-
lowance by the court therefor. One reason for a new
trial was that the court erred in requiring the receiver to
go to trial upon the report and the exceptions thereto
before the issue was closed. An issue was formed by the
appellee filing objections to the reports. It is not shown
that this objection of appellant was ever presented to
the trial court, prior to the motion for a new trial.
There is no merit to this contention of appellant. It
does not appear that the finding of the court was con-
trary to law. The court did not err in ordering the
receiver to repay to the funds of the receivership the
payments which the court found and adjudged to be
unauthorized, and which were not approved.

Finding no reversible error, the judgment is affirmed.