WRIGHT ET AL. *v.* THE UNION CENTRAL LIFE INSURANCE COMPANY.

[No. 26,799. Filed October 26, 1937.]

TREMAIN, J.—On the first day of October, 1925, the appellant, James M. Wright, was the owner of 200 acres of land in Jay county, Indiana, and executed a mortgage to the appellee to secure a debt of $9,000. After the execution of the mortgage and before a foreclosure suit was filed, he conveyed the land to his wife, son, daughter, and son-in-law in parcels. The appellee filed its action in the Jay Circuit Court to foreclose said mortgage and made all the named parties defendants.

The death of the wife was suggested to the court, and the cause was dismissed as to her.

Pending the foreclosure suit, and on the 30th day of October, 1934, James M. Wright filed his petition in bankruptcy and claimed the benefits of the Frazier-Lemke Act. On May 27, 1935, personal judgment was rendered against the said James M. Wright for the sum of $11,975.11, and for foreclosure of the mortgage as against all of the defendants. This judgment was rendered in the Adams Circuit Court, a change of venue having been taken by the defendant, James M. Wright, from the Jay Circuit Court. An order of sale was issued to the sheriff of Jay county, and on July 20, 1935, the real estate was sold to the appellee for the amount of its judgment and costs. A certificate of sale was issued to it, and on July 20, 1936, the property not having been redeemed, a sheriff's deed was duly executed to the appellee.

The appellants continued to hold possession of said real estate, and upon demand refused to surrender possession. The appellee filed a petition in vacation for a writ of assistance in the original action to foreclose the mortgage, in the Adams Circuit Court, and caused notice to be served upon appellants. The appellants appeared and filed answers in which they objected to the jurisdiction of the court, and also claimed that they were entitled to hold possession of the real estate for a period of three years, pursuant to the Frazier-Lemke Act. James M. Wright filed a motion and affidavit for a change of venue from the county, which the court overruled. A hearing was had, in vacation, and the court granted the writ of assistance, and ordered immediate delivery of the possession of the land to the appellee. The appellants filed motion for a new trial, which was overruled and this appeal was perfected.

The claim of the appellants to the benefits of the

moratorium provision of the Frazier-Lemke Bankruptcy Act was decided in this court adverse to their contention in the case of *Wright et al.* v. *Union Central Life Ins. Co.*, ante 214, 7 N. E. (2d) 206. The question there before the court and the facts are the same as in the case at bar.

The appellants admit in their brief that a writ of assistance is a summary proceeding and cite authorities holding that it is ancillary to the main action, but they claim that it is a civil suit, and under the statute are entitled to a change of venue from the county. This court has held that a change of venue does not lie from an application for a receiver which is ancillary to a pending action. This is because the application for the appointment of a receiver does not ask for a judgment determining the rights of the parties, but asks only for an interlocutory order designed to preserve the status of the parties in reference to the property involved. *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453; *Kist* v. *Coughlin* (1936), 210 Ind. 622, 1 N. E. (2d) 602, 4 N. E. (2d) 533; *Vogel* v. *Chappell* (1937), 211 Ind. 310, 6 N. E. (2d) 953.

The appellants were not entitled to a change of venue from the county since a writ of assistance is a summary proceeding ancillary to the foreclosure action, and does not admit of a trial of any bona fide question as to the right of possession. It is an instrument of the court whereby the purchaser is given full benefit of his purchase by putting him in possession. Being a summary proceeding, the notice given was sufficient. Formal summons was unnecessary. A court of equity possessed the power to summarily hear the matter in vacation. *Gilliland et al.* v. *Milligan et al.* (1896), 144 Ind. 154, 42 N. E. 1010; *Emerick* v. *Miller* (1902), 159 Ind. 317, 64 N. E. 28; *Rooker* v. *Fidelity Trust Company* (1925), 196 Ind. 373, 145 N. E. 493.

In discussing this question in the Rooker case the court used the following language (p. 377) :

"Upon such an application no question determined by the original decree can be litigated. The only question on the application for a writ of assistance is whether the decree has or has not been complied with, and the defendant in such a case cannot in defense thereto renew the contest as to title or right of possession which has already been settled. *Emerick* v. *Miller* (1902), 159 Ind. 317.

"A writ of assistance is a summary proceeding by which a court of equity will enforce its decree determining the title or right of possession of real estate without compelling the party entitled thereto to resort to a court of law to recover the same. It being a summary interlocutory proceeding to be determined by the court of equity which rendered the original decree, the parties are not entitled to a jury trial nor to a special finding of facts, as was requested by appellants in this case."

Also, it may be added that no question is ■ presented by filing a motion for a new trial.

The appellants made objection because the writ of assistance was filed in the original action foreclosing the mortgage in the Adams Circuit Court, and ■ assert that an action for the recovery of the possession of real estate must be brought in the county where the real estate is located. They are mistaken in this contention, evidently overlooking the fact that the writ is a summary interlocutory proceeding and must be determined by the court of equity which rendered the original decree.

The appellants were not entitled to interpose as a defense to the writ of assistance, matters which subsequently arose affecting possession of the land. ■ The judgment of foreclosure determined the rights of the parties, and when the appellants failed to redeem the property, their right of possession was forfeited.

Finding no reversible error in the record, the judgment of the lower court is affirmed.