## MILLER *v.* MUIR

[No. 17,227.   Filed September 26, 1944.   Rehearing Denied December 19, 1944.   Transfer Denied February 14, 1945.]

*Hume & Gaston,* of Danville, and *Linder, Seet & Rigot,* of Indianapolis, for appellant.

*Kane, Blain & Hollowell, Leon J. Mills* and *David F. Smith,* all of Indianapolis, for appellee.

ROYSE, J.—Appellee brought this action against appellant for possession of real estate located in the City of Indianapolis. In her second amended complaint appellee alleged she was the owner of the real estate in question; that she had leased said real estate to appellant; that the lease had expired and appellant refused to give appellee possession thereof.

Appellant filed an answer to this complaint which, in substance, denied appellee was the owner of or entitled to possession of said real estate and averred she never in fact leased said real estate to appellant. The answer further averred that on January 18, 1940, and prior thereto, there were two causes of action involving said real estate pending in the Boone Circuit Court, and the parties hereto were parties to those actions; that prior to said last mentioned date said Boone Circuit Court consolidated said causes of action and on or about said date there was made and entered in the records of said court a judgment in rem against said real estate, a portion of which judgment was in favor of appellee herein in the sum of $1200, which was found as a first and prior lien against said real estate, and a further judg-

ment in favor of appellant herein in the sum of $2500; and that said judgment was a valid and existing lien against said real estate, junior only to the lien in favor of appellee; that this was the only valid and existing judgment made by said Boone Circuit Court. No execution was ever issued on said judgment or sale made.

It is further averred in the answer that subsequent to the entry of said judgment appellee individually and through her attorneys and agents and one Forrest Hackley, who was appellant's attorney in the trial of said causes in said Court, entered into a scheme and conspiracy to cheat and defraud appellant out of his interest in said real estate by procuring from him the release of said judgment and lien. Pursuant to said scheme, after said judgment was entered said Hackley called on appellant (who was an aged and uneducated man with poor eyesight) and represented that if he would sign certain papers which Hackley presented to him, the lien of this appellant would be paid, but if they were not signed the real estate would be sold and appellant would lose all of his interest in said property; that at no time was it stated to appellant that the purpose of said writings was to in any manner change his interest as evidenced by said judgment. He believed and relied on the advice and counsel of said Hackley. He had no copy of said writings and was informed at the time of filing this answer that said writings constituted an option to appellant to purchase said real estate from appellee; that said writings recited appellant waived all right, title and interest in and to said real estate, and consented to permit a judgment to be entered in the Boone Circuit Court quieting appellee's title to said real estate as against this appellant; that if appellant had known of the contents of said writings he would not have signed same; that immediately upon

learning of the fraud and change of said judgment, this appellant brought his action in the Boone Circuit Court to re-establish said judgment, which action was pending at the time of the filing of the answer.

Thereafter, before the trial of this cause, appellant filed his supplemental answer which, in substance, alleged that subsequent to the filing of appellant's answer the Boone Circuit Court heard and determined appellant's action to re-establish the judgment of January 18, 1940, and that by its judgment said court set aside the purported order of said court quieting the title of appellee in and to said real estate, and the judgment of said court fixing the amount and priority of the liens of the parties hereto was ordered placed of record as of January 18, 1940.

Upon proper request the trial court made a special findings of fact and stated as its conclusions of law: (1) the law was with the appellee and against appellant; (2) that at the time appellee commenced her action she was entitled to possession of the real estate described. Judgment accordingly.

The assignment of errors here is as follows:

"1. That the court erred in each of its conclusions of law stated on its special finding of facts.

"2. That the Court erred in its first conclusion of law on its special finding of facts; to-wit: That the law is with the plaintiff and against the defendant.

"3. The Court erred in its second conclusion of law on its special finding of facts; to-wit: That at the time the plaintiff commenced her action herein she was entitled to the possession of the real estate described in the complaint.

"4. The Court erred in overruling appellant's motion for a new trial."

There were four specifications in the motion for a new trial, which are as follows:

"Specification 1. The decision of the Court is not sustained by sufficient evidence.

"Specification 2. The decision of the Court is contrary to law.

"Specification 3. The Court erred in each of its conclusions of law, to-wit:

"First, That the law is with the plaintiff and against the defendant.

"Second, That at the time the plaintiff commenced her action herein, she was entitled to the possession of the real estate described in the complaint.

"Specification 4. The Court erred in overruling defendant's objection to the admission in evidence of plaintiff's Exhibit C being a copy of the Entry made by the Boone Circuit Court and which Entry at the time of this trial and long before had been vacated and adjudged null and void by the said Boone Circuit Court and had been stricken from the records of said Court, and to which ruling of the Court admitting said Exhibit in evidence, the defendant at said time duly excepted."

Appellee contends the fourth assignment of error presents no question because the specific errors relied upon as presented by the motion for a new trial are not set out. With this contention we do not agree. The case of *Husak* v. *Clifford et al.* (1912), 179 Ind. 173, 178, 100 N. E. 466, relied on by appellee, does not so hold. In that case the Supreme Court held that where the appellant's brief under Points and Authorities merely restated the assignment of error that the court erred in overruling the motion for a new trial without referring to the specifications in said motion, no question was presented. In the instant case the fourth error is in proper form and the appellant has discussed certain of the specifications of his motion for a new trial under Points and Authori-

ties. *Zimmerman* v. *Gaumer* (1898), 152 Ind. 552, 53 N. E. 829; *Teeple, Trustee,* v. *The State of Indiana ex rel Bower et al* (1908), 171 Ind. 268, 86 N. E. 49; *Kelley et al* v. *Bell* (1909), 172 Ind. 590, 88 N. E. 58.

Appellant in his brief under Points and Authorities asserts that substantially the same question is presented by his first three assignments of error and specification 2 of his motion for a new trial, and therefore, pursuant to Rule 2-17-(f) of the Rules of the Supreme Court, treats these errors under one set of Propositions, Points and Authorities.

Appellee contends the only question presented thereby is the correctness of the conclusions of law upon the special findings of fact because she asserts an assigned error as to a conclusion of law assumes the correctness of the special findings of fact, while under the specification of the motion for a new trial that the decision of the court is contrary to law, the court considers the sufficiency of the evidence to sustain the findings. Appellee is technically correct in this contention. However, we are of the opinion that the manner in which appellant has presented the questions shows a good-faith effort to comply with the Rules of the Supreme Court.

Appellant contends that by his supplemental answer he brought before the court the whole subject-matter of the action as it existed at the time of the trial. Appellee contends the supplemental answer was an attempt to change the original issues and therefore should be disregarded.

Supplemental pleadings are authorized by our Statute, §2-1072, Burns' 1933. The purpose of such pleading is to bring the subject matter of the action fully before the court as it exists down to the time when no further action in the matter is

required by the court. *Higgins et al* v. *Swygman et al* (1923), 194 Ind. 1, 5, 6, 144 N. E. 788. In the instant case the supplemental answer of appellant did not change the original issues. It merely supplemented the answer already filed by showing that since the original answer was filed the proceedings therein alleged to have been pending in the Boone Circuit Court had been finally determined and that court had directed a *nunc pro tunc* entry as of January 18, 1940, adjudging appellee to have a first lien on the real estate in the sum of $1200 and appellant a lien of $2500 junior only to the lien of appellee, and that if said liens were not paid within 10 days the real estate was to be sold. We regard the original and supplemental answers as constituting appellant's answer to the complaint herein. *State ex rel. Julian* v. *Board of Metropolitan Police Commissioners of the City of Logansport* (1908), 170 Ind. 133, 138, 83 N. E. 83; *Richwine* v. *The Presbyterian Church of Noblesville* (1893), 135 Ind. 80, 83, 84, 34 N. E. 737.

The principal question to be determined in this action is whether or not appellee was entitled to the possession of the real estate. For a proper answer to this question we deem it advisable to set out the substance of the special findings of fact. They are as follows:

(1) In 1918, the real estate involved herein was owned by one Luther Mehring. In said year appellant entered into possession of said real estate under an arrangement with the owner to improve it. Appellant made valuable improvements on said property and caused it to be filled up to the level of adjoining land. The owner died in 1935 leaving as his only heir his son, Orval Mehring. Appellant retained possession of this property until dispossessed by the sheriff.

(2) In the year 1918 one Charles Muir purchased an undivided 1/56 interest in said property at a tax

sale and received a certificate of purchase, and subsequently received a tax deed from the auditor of Marion County conveying 1/56 interest in said property. Thereafter, one F. C. Plummer purchased said real estate at a tax sale and received a certificate of purchase which was subsequently assigned to said Charles Muir who was issued a tax deed by the auditor of Marion County. Subsequently said Muir died testate and devised all of his property to his widow, Vida B. Muir, the appellee herein.

(3) In April, 1938, appellee filed her complaint in the Marion Superior Court praying that title to said real estate be quieted in her.

(4) In May, 1938, appellant filed notice of mechanic's lien in the office of the Recorder of Marion County, which notice was directed to appellee and others, in which he claimed a lien of $2500 for work done on said real estate. Thereafter, he filed in the Marion Superior Court a complaint against appellee and others to foreclose said lien.

(5) In February, 1939, appellant filed his amended complaint to foreclose a mechanic's lien in said Marion Superior Court, praying that the lien be foreclosed and the property sold to satisfy said lien.

(6) That the cause of appellee to quiet title and the cause of appellant to foreclose his lien were both venued to the Boone Circuit Court and were by said court consolidated for trial.

(7) That in the Boone Circuit Court in said consolidated causes the parties hereto agreed that a judgment be entered adjudging appellee to have a lien on said real estate in the sum of $1200 and appellant a lien in the sum of $2500; that if said liens were not paid within 10 days the real estate should be sold by the

Sheriff of Marion County and the proceeds of said sale applied to the payment of said liens.

(8) Before said judgment was spread of record in the order book of said court, appellant was procured to sign a certain lease with option to purchase said real estate of said appellee, which writing is by reference made a part of this finding, and so much of it as is necessary for an understanding of its contents will be hereinafter set out.

(9) Thereupon, an entry was prepared and spread of record in the order book of the Boone Circuit Court which quieted the title of appellee in said real estate, which order was signed by the judge thereof. After the entry of said judgment no pleadings were filed by any of the parties nor were any further proceedings had or entries made in either of said causes in the Boone Circuit Court.

(10) That more than 10 days prior to July 29, 1941, appellee, through her attorney, served written notice on appellant demanding possession of said property. On said date appellant was in possession of said property and refused to surrender possession thereof to appellee.

(11) That on August 4, 1941, appellant filed his complaint in the Boone Circuit Court for a *nunc pro tunc* order to enter the correct judgment of said court in said causes, which complaint is by reference made a part of the findings.

(12) That on October 1, 1941, in the Boone Circuit Court, the following judgment and decree was entered in said cause:

"Comes now the Plaintiff, John Miller, by Linder, Seet and Rigot, and Scifres and Hollingsworth, his attorneys, and comes now the Defendant, Vida B. Muir, by her attorneys, David F. Smith and Parr and Parr, and comes also Defendant, Forrest

L. Hackley, in person, and on oral motion of Plaintiff this cause is dismissed as to Defendants, Orval E. Mehring, Blanche B. Mehring, Clarence B. Blakeslee, Marion E. Clark, Charles D. Schmidt, Carrie Schmidt, John Paul Ragsdale and J. W. Price, whose full, true and complete name is to plaintiff unknown, and it appearing to the Court by summons issued in this cause and the return of the Sheriff endorsed thereon and which summons and return thereon are in words and figures as follows: (H.I.)

"That Defendants, Vida B. Muir, and Forrest L. Hackley, have each been duly served with process in this cause more than ten (10) days before the return day of said summons as endorsed by Plaintiff upon his complaint. Said defendants, Vida B. Muir and Forrest L. Hackley, now each file their answers herein in words and figures: (H.I.)

"And this cause being at issue upon Plaintiff's complaint, said Defendants' said answer is now submitted to the Court for trial, finding and decree without the intervention of a jury.

"And said Court having heard the evidence and being duly advised in the premises, finds for the Plaintiff, John Miller, and against the Defendants, Vida B. Muir and Forrest L. Hackley on Plaintiff's complaint.

"The Court further finds that on January 18, 1940, there was pending in this Court Cause No. 14235, and in which cause the said Vida B. Muir was Plaintiff and the above named Orval E. Mehring and others were Defendants. And there was also pending in this Court, Cause No. 14496 and in which Cause Plaintiff herein, John Miller was Plaintiff and the above named Orval E. Mehring and others were defendants, and which said causes were on said day duly consolidated for hearing and were by this Court heard and upon said date this Court duly rendered judgment in said Causes, and made written memorandum of said finding and judgment on the issue docket of this Court in the following words and figures:

"Finding and judgment for Plaintiff, Vida B. Muir, in Cause No. 14235 recovers judgment in rem in the sum of $1,200.00, and that the same be

declared a first and prior lien against the real estate described in said complaint.

"Further finding and judgment for Plaintiff, John Miller, in Cause No. 14496 in the sum of $2,500.00, and that the same be and is a lien against the real estate described in each of the complaints herein junior and subsequent to the lien hereinbefore found and declared for said Vida B. Muir, and that if said liens are not paid within ten (10) days it is ordered that execution be issued to the Sheriff of Marion County, Indiana, for the sale of said property for the satisfaction of said liens in the order and priority heretofore found.

"It is further ordered that the Sheriff pay all costs in this action before satisfaction of said liens, all as per entry. That thereafter and without any motion for and without any order vacating said judgment, an ink line was drawn through said foregoing written memorandum and another memorandum was entered upon said issue docket in these words:

"Finding and Judgment for the Plaintiff, Vida B. Muir in Cause No. 14235, quieting her title to the real estate described in the complaint in said Cause and against all the Defendants in said Cause No. 14235.

"Further finding and judgment against the Plaintiff, John Miller in Cause No. 14496. Costs taxed against the Plaintiff, all as per entry.

"The Court further finds that thereafter a decree and judgment quieting the title of said Vida B. Muir to said real estate was entered of record in Order Book ——, Page ——, of the records of this Court, and that no Order Book entry was made of the said judgments in rem in favor of the said Vida B. Muir in the sum of $1,200.00, and John Miller in the sum of $2,500.00.

"The Court further finds that the said additional writing and memorandum on said issue docket of finding and judgment for the said Vida B. Muir, quieting her title to said real estate, should be stricken out, vacated and rendered void and held for naught, and that the said Order Book entry made in said Order Book ——, Page ——, should

be stricken out, vacated, rendered void and held for naught, and that the written memorandum on said issue docket that was stricken out should be restored as of January 18, 1940, and that entry of judgment and decree in accordance therewith should be entered and made on the Order Book of this Court as of said date, January 18, 1940, in accordance with said memorandum so restored.

"It is therefore ordered, adjudged and decreed by the Court that the said record as originally made by this Court on the 18th day of January, 1940, in words and figures as follows:

" 'Finding and judgment for Plaintiff, Vida B. Muir, in Cause No. 14235, recovers judgment in rem in the sum of $1,200.00, and that the same be declared a first and prior lien against the real estate described in said complaint.

" 'Further finding and judgment for Plaintiff, John Miller, Cause No. 14496, in the sum of $2,500.00, and that the same be and is a lien against the real estate described in each of the complaints herein junior and subsequent to the lien hereinbefore found and declared for said Vida B. Muir, and that if said liens are not paid within ten (10) days, it is ordered that the execution be issued to the Sheriff of Marion County, Indiana, for the sale of said property for the satisfaction of said lien in the order and priority heretofore found.

" 'It is further ordered that the Sheriff pay all costs in this action before satisfaction of said lien, all as per entry' be and the same is now hereby restored as of January 18, 1940.

"And that the written memorandum of finding and judgment thereafter made in these words:

" 'Finding and judgment for the Plaintiff, Vida B. Muir, in Cause No. 14235, quieting her title to the real estate described in the complaint in said Cause against all the Defendants in said Cause No. 14235 further finding and judgment against the Plaintiff, John Miller, in Cause No. 14496, costs taxed against the Plaintiff, all as per entry', be and the same is now hereby stricken from the record, vacated, rendered void and held for naught.

"It is further ordered and adjudged and decreed By the Court that the entry judgment and decree entered in Order Book ——, Page ——, of this Court in said Causes be and the same is hereby vacated, stricken out, rendered void and held for naught.

"It is further ordered, adjudged and decreed by the Court that the following Order Book entry be placed of record in the Order Book of this Court as of January 18, 1940.

"That is to say, 'Comes now the Plaintiff, Vida B. Muir, in Cause No. 14235, in person and by her attorney, David F. Smith, and comes also the Plaintiff, John Miller, in Cause No. 14496, in person and by attorney, and it appearing to the satisfaction of the Court by the summons issued in said Causes and the return of the Sheriff's endorsement thereon, which summonses and returns are in words and figures as follows: (H.I.)

"That the Defendants, Orval E. Mehring, Blanche B. Mehring, John D. Schmidt, Minnie Hoereth, Caroline Fehrenback, Ethel Masters, Clarence B. Blakeslee, Marion E. Clark, Charles B. Schmidt, Caroline Fenrenback and Ethel Masters, Administratrix of the estate of J. Fred Masters, deceased, Carrie Schmidt, John Paul Ragsdale and J. W. Price, all being residents of the State of Indiana, have each been duly served with process of this cause more than ten (10) days before the summons was made returnable, as required by endorsement of Plaintiff on her complaint.

"And said Defendants failing to appear and answer herein, are each now three (3) times loudly called in open Court but come not and herein wholly make default.

"And the said Vida B. Muir now files her answer herein to the complaint of John Miller and the said John Miller now files his answer herein to the complaint of the said Vida B. Muir, and which respective answers are in words and figures as follows: (H.I.)

"And the Causes being at issue and consolidated, are now submitted to the Court for trial, finding, judgment and decree without the intervention of a

jury, and upon the said answers and upon the default of said Defendants.

"And the Court having heard the evidence and being duly advised in the premises, finds for the Plaintiff, Vida B. Muir, upon her complaint herein and against the Defendants, and each of them, and that said Vida B. Muir has a valid and existing lien in rem against the real estate described in the complaints herein and hereinafter described, for taxes and costs and charges paid, together with interest thereon as provided by law and in the sum of $1,200.00.

"That said sum is now due and unpaid and is a first and prior lien against said real estate and is payable without relief from valuation or appraisement laws.

"That said Plaintiff, Vida B. Muir, is entitled to recover said amount in rem against real estate and the Defendants are ordered to pay the same into Court within ten (10) days after the rendition of this judgment and decree, and failing in which the said real estate shall be sold to satisfy said lien as hereinafter provided.

"And the Court further finds for the Plaintiff, John Miller, on his complaint in said Cause No. 14496, and that he holds a valid and subsisting lien against said real estate for work and labor done and material furnished in the total sum of $2,500.00, and which lien is a first and prior lien against said real estate, excepting only the above lien and judgment of said Vida B. Muir; and that said John Miller is entitled to recover the same against said real estate without relief from valuation and appraisement laws, and the said Defendants are ordered to pay the same into Court within ten (10) days after the rendition of this decree and judgment, and failing in which the said real estate shall be sold to satisfy said lien as hereinafter provided.

"It is therefore considered, adjudged and decreed by the Court that the Plaintiff in said Cause No. 14235, Vida B. Muir, have and recover in rem against said real estate the sum of $1,200.00, together with her costs laid out and expended and taxed at $————.

"It is further considered, adjudged and decreed by the Court that said Plaintiff, in Cause No. 14496, John Miller, recover for and recover in rem against the said real estate, the sum of $2,500.00, together with his costs laid out and expended and taxed at $————.

"It is further adjudged and decreed by the Court that each of said judgments shall be payable without relief from valuation or appraisement laws and shall draw interest at the rate of six per cent. per annum from January 18, 1940, until paid.

"It is further ordered, adjudged and decreed by the Court that the liens of said judgments against said real estate be foreclosed and upon the default of the Defendants to pay said respective sums to the Clerk of this Court for the use and benefit of said respective parties, that the Clerk shall issue under the hand and seal of this Court, a copy of this decree, duly certified, to the Sheriff of Marion County, Indiana, whereupon said Sheriff shall proceed by virtue of said decree to sell said real estate, and which real estate is described as follows, to-wit: (H.I. description) being the real estate of the said Orval E. Mehring or so much thereof as shall be necessary for the satisfaction of the aforesaid judgments, interest and costs and accruing costs according to law, after duly advertising the same in like manner as lands are sold upon execution upon judgments at law. Said sale is to be made without relief from valuation or appraisement laws.

"And the Sheriff is hereby directed and ordered to apply the money derived from the sale of said real estate first to the payment of the Sheriff's commission on the sale of same and all other accrued or accruing costs herein; second, to the payment of the judgment of Plaintiff, Vida B. Muir, with interest as aforesaid; third, to the payment of the judgment of John Miller, with interest as aforesaid. The overplus, if any, is hereby directed to be paid to the Clerk of this Court for the use and benefit of the party or parties lawfully entitled to receive the same.

"It is further ordered, adjudged and decreed by the Court that from and after such sale, the equity

of the redemption of the Defendants in these suits and of all persons claiming *be,* through or under them, be and the same is hereby forever barred and foreclosed except for such redemption as provided by law.

"All of which is finally ordered, adjudged and decreed.

"Now it is further ordered, adjudged and decreed, that the defendants, Vida B. Muir and Forrest L. Hackley, pay the costs of this action taxed at $——— and that in any sale of the said real estate by the Sheriff that the costs of this action be included and paid as a part of the costs of said sale.

"ALL OF WHICH IS FINALLY ORDERED, ADJUDGED AND DECREED.

"_____

JUDGE."

(13) "That the Vida B. Muir and John Miller, parties herein are respectively the same as Vida B. Muir and John Miller, parties to said consolidated causes No. 14235 and No. 14496 and in Cause No. 15496 in said Boone Circuit Court."

Appellant contends appellee's cause of action was based on the entry quieting title in her and the lease with option to purchase, both of which were shown to have been obtained by fraud. He further contends the trial court failed to give effect to the *nunc pro tunc* entry of the Boone Circuit Court vacating the false entry quieting appellee's title to the property and putting the true and correct judgment of record. Appellee contends there is no showing the lease was obtained by fraud. She further contends the entry quieting her title was properly entered; that the order of the Boone Circuit Court setting aside the quiet title decree was invalid for want of necessary parties because the records disclose that several others in addition to the

parties hereto were parties to the original action, and while they were made parties to the *nunc pro tunc* proceeding, such action was dismissed as to them and they were not given notice of said proceeding. She further asserts the *nunc pro tunc* entry was rendered in a separate cause of action than that in which the quiet title judgment was rendered, and is void because it was an attempt by the court to substitute after term a different judgment from the one rendered in the quiet title action.

Courts have the inherent power to make such amendments or corrections in their records as truth and justice require. 34 C. J. 227, § 449. The purpose of a *nunc pro tunc* entry is to make the record correspond to the actual facts and speak the truth. 30 Am. Jur. 866, § 94; 2, Watson's Works Pr., 993, § 2401. Proceedings for a *nunc pro tunc* entry should be by motion and notice and not by complaint and summons, but where it is initiated by complaint and summons the complaint will be treated as the motion and the summons as notice. *Gray* v. *Robinson et al* (1883), 90 Ind. 527; *Citizens Trust Company, Receiver,* v. *Wheeling Can Company* (1927), 199 Ind. 311, 157 N. E. 441. The ruling on such a motion may be appealed from. *Citizens Trust Company, Receiver,* v. *Wheeling Can Company, supra;* 2, Watson's Works Pr., 997. It is not subject to collateral attack. 30 Am. Jur. 886, § 123. It generally takes effect as of the time of the original judgment. *Leonard et al.* v. *Broughton et al.* (1889), 120 Ind. 536, 22 N. E. 731; *Kraus* v. *Lehman et al.* (1907), 170 Ind. 408, 426, 83 N. E. 714, 84 N. E. 769.

We must assume that the Boone Circuit Court, in making its *nunc pro tunc* judgment of October 1, 1942,

acted properly. If appellee felt she was aggrieved by this judgment she had the right to appeal from the judgment to this court. Under the judgment of the Boone Circuit Court appellee's only interest in the real estate here involved is that of a holder of a first lien thereon in the sum of $1,200.00. No sale had been made pursuant to this judgment. The lien did not entitle appellee to possession.

The lease referred to in Finding No. 8 provides, in part, as follows: "For and in consideration of the agreement by the undersigned, John Miller, to waive all right, title and interest in or to the herein described real estate and permit a judgment to be taken in the Boone Circuit Court quieting title in and to said real estate in Vida B. Muir. . . . Said undersigned, Vida B. Muir, by the execution of this instrument hereby gives and extends to said John Miller an option to purchase said real estate, etc." By its judgment the Boone Circuit Court determined that no judgment quieting appellee's title in the real estate had been made. Consequently, this judgment in effect determined no such agreement had been entered into. Therefore there was no lease between the parties hereto.

The Boone Circuit Court having determined that the entry quieting appellee's title to the real estate was not properly made, that judgment could not be attacked in this proceeding. Nor can such a judgment or decree be impeached collaterally on account of an alleged misjoinder or nonjoinder of parties. 34 C. J. 559, § 859. Furthermore, it is unquestioned that the Boone Circuit Court had general jurisdiction of the class of cases involved in the proceedings on which it acted. If there was any objection to its jurisdiction in that case, the objection should have been pre-

sented to it at the time. This not having been done, the objection, if any, must be deemed waived. *The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company* v. *Gregg et al* (1914), 181 Ind. 42, 102 N. E. 961; *White et al* v. *Suggs et al.* (1914), 56 Ind. App. 572, 104 N. E. 55.

The fact that appellant instituted this action by a complaint and summons instead of by motion and notice did not deprive the Boone Circuit Court of the authority to hear and determine the question presented. *Gray* v. *Robinson, supra; Citizens Trust Company, Receiver,* v. *Wheeling Can Company, supra.* The case of *Kruger* v. *Duckwall et al* (1922), 78 Ind. App. 577, 134 N. E. 895, is clearly distinguishable from the facts in the instant case. In that case there was neither a motion or complaint to set aside the judgment.

The right to a judgment *nunc pro tunc* is not barred by lapse of time, but may be made at any time, even at a subsequent term. 34 C. J. 77, 78, § 218; *Miller* v. *Royse, Administrator,* (1877), 60 Ind. 189; *Chissom et al.* v. *Barbour et al* (1884), 100 Ind. 1; *Indianapolis & Greenfield Rapid Transit Company* v. *Andis* (1904), 33 Ind. App. 625, 72 N. E. 145.

We are of the opinion the Hendricks Circuit Court erred in its Conclusions of Law Nos. 1 and 2.

In view of the conclusion we have reached, we do not deem it necessary to pass on other questions presented by this appeal.

The judgment of the Hendricks Circuit Court is reversed, with instructions to said court to re-state its conclusions of law in accord with the views herein expressed.

NOTE.—Reported in 56 N. E. (2d) 496.