BAHAR ET AL. *v.* TADROS ET AL.

[No. 29,180. Filed December 21, 1954. Decided on Merits by Appellate Court May 27, 1955.]

*James P. Gleason* and *George A. Pawloski,* of Michigan City, for appellants.

*William N. Keneflick* and *Paul F. Jackson,* of Michigan City, and *Kenneth F. Dempsey,* of South Bend, for appellees.

GILKISON, C. J.—On March 13, 1954, appellants recovered a judgment against appellee, Sam Tadros,

for $17,000.00 and costs, without relief and the foreclosure of their equitable mortgage against the appellees on real estate in LaPorte County, Indiana, as follows:

Lot No. One (1) in Block No. one (1) in Donnelly's Addition to the city of Michigan City.

And for the sale of said real estate by the sheriff of the county, and the distribution of the proceeds: 1st. To the payment of costs accrued and the costs of sale; 2nd. To the payment of the judgment together with interest thereon. The overplus, if any, to be paid to the clerk of the court for the use of the parties lawfully entitled to receive the same. Any deficiency to be levied of the goods, chattels, lands and tenements of appellee, San Tadros, subject to execution, sale to be without relief from valuation or appraisement laws.

Upon sale, sheriff was ordered to evict all the appellees and put the purchaser in possession of the premises.

It was further adjudged that appellee, First National Bank of Michigan City, Indiana, Trustee, take nothing by its cross-complaint.

This judgment is a final judgment with the presumptions in its favor as provided by law. From such judgment an appeal will lie.

On March 20, 1954, seven days after the final judgment was rendered appellants filed their verified application for the appointment of a receiver "To Secure Rents Collected," in which it is averred:

"That during the pendency of this action the defendant, First National Bank of Michigan City, Indiana, Trustee, has collected rent from said premises in the sum of approximately Two Thousand Two Hundred Fifty-five and no/100 Dollars ($2,-255.00)."

It it also averred that the court had ordered sale of the real estate afore described "to satisfy a judgment against the defendant, Sam Tadros also known as Sam Dadrus, in the sum of nineteen Thousand Seven Hundred Sixty ($19,760.00) Dollars, plus interest and court costs." "That the sale will not bring sufficient money to satisfy the debt."

The prayer is in the alternative, that a receiver be appointed to take charge of the rents so collected by said bank as trustee, "or in the alternative to order said defendant, First National Bank of Michigan City, Indiana, Trustee, to pay all rents collected over, to the Clerk of this court, or the sheriff of the county to apply on said judgment" and all proper relief.

After considerable delay the matter was finally heard by the court on May 8, 1954, and the material part of the record made thereon, is as follows:

"The court having heard the evidence, and the argument of counsel, now denies said application."

From this action an appeal is taken, treating it as an interlocutory order in the original suit to foreclose the mortgage. The record was filed in this court on June 17, 1954, forty-one days after the order complained of was made. The appeal was not taken under Burns' 1946 Repl. Sec. 3-2603.

Our first question: Is this an interlocutory order? If so, and the subject of the order is within the authority granted by Sec. 2-3218 Burns' 1946 Repl. the appeal is properly taken to this court. Secs. 2-3218 to 2-3222 inclusive Burns' 1946 Repl. We have heretofore held that:

"An interlocutory judgment, order or decree is one made before the final hearing on the merits, 2 Watson, Rev. of Works' Practice §2244; 1 Hogate Pleading and Practice §739; 1 Freeman, Judgments (5th ed.) §38. An order of the court, made in the progress of the cause, requiring some-

thing to be done or observed, but not determining the controversy, is an interlocutory order, and is sometimes called an interlocutory judgment. *Pfeiffer* v. *Crane, Gdn.* (1883), 89 Ind. 485, 487; *Western Union Telegraph Co.* v. *Locke, Admr.* (1886), 107 Ind. 9, 11, 7 N. E. 579."

*Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 739, 164 N. E. 493. See also "Interlocutory" Black's Law Dictionary p. 998. 4 Lowe's Revision Works' Indiana Practice Sec. 65.126, p. 352; 47 C. J. S. "Interlocutory" p. 85; 60 C. J. S. "Motions and Orders" Sec. 2b, p. 7; 4 C. J. S. "Appeal and Error" Sec. 94, p. 188.

It is clear this proceeding was begun a full week after the final judgment of foreclosure had been rendered in the principal case. The trial court could not authorize an interlocutory order to issue at this stage of the proceedings. The right of appeal from an interlocutory order as provided by sub-section "Thirteenth" of Sec. 4-214 was therefore not available to appellant.

There is no contention that the application was made under the first sentence of Sec. 3-1807, Burns' 1946 Repl. The alternative nature of the prayer indicates that the proceeding is an effort by appellant to obtain possession of rentals that had theretofore been paid to the appellee bank as trustee.

The jurisdiction of the appeal is therefore in the Appellate Court.

Agreeable with Sec. 4-217, Burns' 1946 Repl. it is ordered that this appeal be, and the same is hereby transferred to the Appellate Court of Indiana.

NOTE.—Reported in 123 N. E. 2d 189.