BAHAR ET AL. *v.* TADROS, ETC. ET AL.

[No. 18,670. Filed May 27, 1955.]

*James P. Gleason* and *George A. Pawloski,* of Michigan City, for appellants.

*William N. Kenefick, Paul F. Jackson,* of Michigan City, and *Kenneth F. Dempsey,* of South Bend, for appellees.

ROYSE, J.—This case was transferred to us by the Supreme Court pursuant to §4-217, Burns' 1946 Replacement. *Bahar* v. *Tadros* (1954), 234 Ind. 302, 123 N. E. 2d 189.

To properly understand the question which appellant seeks to present we deem it expedient to set out in some detail the opinion of the Supreme Court in that case:

"On March 13, 1954, appellants recovered a judgment against appellee, Sam Tadros, for $17,000 and costs, without relief and the foreclosure of their equitable mortgage against the appellees on real estate in LaPorte County, Indiana, . . .

"And for the sale of said real estate by the sheriff of the county and the distribution of the proceeds: 1st. To the payment of costs accrued and the costs of sale; 2nd. To the payment of the judgment together with interest thereon. The overplus, if any, to be paid to the clerk of the court for the use of the parties lawfully entitled to receive the same. Any deficiency to be levied on the goods, chattels, lands and tenements of appellee, Sam Tadros, subject to execution, sale to be without relief from valuation or appraisement laws.

"Upon sale, sheriff was ordered to evict all the appellees and put the purchaser in possession of the premises.

. . .

"This judgment is a final judgment with the presumptions in its favor as provided by law. From such judgment an appeal will lie.

"On March 20, 1954, seven days after the final judgment was rendered, appellants filed their verified application for the appointment of a receiver 'To Secure Rents Collected,' in which it is averred:

'That during the pendency of this action the defendant, First National Bank of Michigan City, Indiana, Trustee, has collected rent from said premises in the sum of approximately Two Thousand Two Hundred Fifty-five and no/100 Dollars ($2255.00).

'It is also averred that the court had ordered sale of the real estate afore described "to satisfy a judgment against the defendant, Sam Tadros, also known as Sam Dadrus, in the sum of Nineteen Thousand Seven Hundred Sixty ($19760.00) Dollars, plus interest and court costs." "That the sale will not bring sufficient money to satisfy the debt."

'The prayer is in the alternative, that a receiver be appointed to take charge of the rents so collected by said bank as trustee, "or in the alternative to order said defendant, First National Bank of Michigan City, Indiana, Trustee, to pay all rents collected over, to the Clerk of this court, or the sheriff of the county to apply on said judgment" and all proper relief.'

"After considerable delay the matter was finally heard by the court on May 8, 1954, and the material part of the record made thereon, is as follows:

'The court having heard the evidence, and the argument of counsel now denies said application.'

"From this action an appeal is taken, treating it as an interlocutory order in the original suit to foreclose the mortgage. The record was filed in this court on June 17, 1954, forty-one days after the order complained of was made. The appeal was not taken under Burns' 1946 Repl. Sec. 3-2603.

"Our first question: Is this an interlocutory order? If so, and the subject of the order is within the authority granted by Sec. 2-3218, Burns' 1946 Repl., the appeal is properly taken to this court. Secs. 2-3218 to 2-3222 inclusive, Burns' 1946 Repl. We have heretofore held that

'An interlocutory judgment, order, or decree is one made before the final hearing on the merits. 2 Watson, Rev. of Works' Practice §2441; 1 Hogate Pleading and Practice §739; 1 Freeman Judgments (5th ed.), §38. An order of the court, made in the progress of the cause, requiring something to be done or observed, but, not deter-

mining the controversy, is an interlocutory order, and is sometimes called an interlocutory judgment. *Pfeiffer* v. *Crane, Guardian* (1883), 89 Ind. 485, 487; *Western Union Telegraph Co.* v. *Locke, Admr.* (1886), 107 Ind. 9, 11, 7 N. E. 579.' *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 739, 164 N. E. 493, 494. See also 'Interlocutory,' Black's Law Dictionary, p. 998; 4 Lowe's Revision, Work's Indiana Practice, Sec. 65.126, p. 352; 47 C. J. S., Interlocutory, p. 85; 60 C. J. S., Motions and Orders, §2b, p. 7; 4 C. J. S., Appeal and Error, §94, p. 188.

"It is clear this proceeding was begun a full week after the final judgment of foreclosure had been rendered in the principal case. The trial court could not authorize an interlocutory order to issue at this stage of the proceedings. The right of appeal from an interlocutory order as provided by subsection 'Thirteenth' of Sec. 4-214 was therefore not available to appellant.

"There is no contention that the application was made under the first sentence of Sec. 3-1807, Burns' 1946 Repl. The alternative nature of the prayer indicates that the proceeding is an effort by appellant to obtain possession of rentals that had theretofore been paid to the appellee bank as trustee.

"The jurisdiction of the appeal is therefore in the Appellate Court."

The errors assigned here are as follows:

1. The trial court erred in denying the appellants' application for appointment of a receiver and to secure rents collected.

2. The trial court erred in denying appellants' application for appointment of a receiver.

3. The trial court erred in denying appellants' application to order appellee, First National Bank of Michigan City, Indiana, Trustee, to pay over all rents

collected to Clerk of trial court, or Sheriff of LaPorte County, Indiana, to apply on the judgment herein.

4. The trial court erred in failing to take any other means to secure the application of the rents collected by appellee, First National Bank of Michigan City, Indiana, Trustee, to the judgment herein.

The first question which we must determine is: Does such an assignment of errors present a question to this court?

The briefs of the parties and their oral argument in this court indicate that when this appeal was initiated they considered the judgment herein an interlocutory order. At the conclusion of the oral argument we permitted the parties to submit supplemental briefs on the sufficiency of the assignment of errors herein.

Appellants contend that this is one of the types of action that does not require the filing of a motion for a new trial, and in support of this contention cites, among others, the following cases:

*Wright et al.* v. *Union Central Life Insurance Company* (1937), 212 Ind. 563, 10 N. E. 2d 726. In that case the Supreme Court held the action was for a writ of assistance, which is a summary interlocutory proceeding. The Supreme Court has held this action is not an interlocutory proceeding.

*Citizens Trust Company, Receiver* v. *Wheeling Can Company* (1927), 199 Ind. 311, 157 N. E. 441, involved the action of the trial court in sustaining a motion for a *nunc pro tunc* entry. The Supreme Court said:

> "The hearing of a motion to correct the record of a judgment by a *nunc pro tunc* entry is not a trial, and the Code of Civil Procedure does not contemplate a new trial of such motion; the proper practice is to except to the action of the court in refusing or making the amendment, and, on appeal, assign such action of the trial court for error."

In *Adams* v. *Purtlebaugh* (1952), 230 Ind. 269, 277, 102 N. E. 2d 499, the Supreme Court held that in an action to modify a decree of divorce as to the custody of children it would be proper to file a motion for a new trial, but it was not necessary to do so. In such actions the court has a continuing jurisdiction.

For a discussion of actions in which it is not necessary to file a motion for new trial, see Sec. 1814, p. 391, Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice.

In view of the opinion and decision of the Supreme Court in the case of *Bahar* v. *Tadros, supra,* it seems to us this action is in the nature of an action for money had and received. There was a trial, evidence was heard, and there was a final judgment. The question which appellant seeks to present here could be raised only by the assignment of error that the trial court erred in overruling a motion for a new trial. No such motion was filed and the time for filing such motion has long since elapsed. Sec. 2-2403, Burns' 1946 Replacement.

Therefore, no question having been presented by the assignment of errors herein, the judgment is affirmed.

Crumpacker, J., concurs with opinion.

### CONCURRING OPINION

CRUMPACKER, J., concurs.—I concur in the results reached by the court but I cannot agree that this proceeding is in the nature of an action for money had and received. "In order to support a count in assumpsit for money had and received, it must in general appear that the defendant has actually received and has in his hands money, or something which has been received as money, belonging to the plaintiff, which it is his duty immediately to pay over." 4 Am. Jur., Assumpsit, §22.

Such is not the theory of this proceeding. The Bahars, plaintiffs below and appellants here, do not claim that the money in the hands of the First National Bank, Trustee, is their money and that said trustee is under a duty to pay it over to them. On the contrary they say said money belongs to Tadros and they ask the court to sequester it through a receiver or otherwise so that it will be available to apply on their judgment against Tadros in the event the real estate involved does not bring enough at foreclosure sale to discharge said judgment.

Although remedy by sequestration, in cases of this type, has never been provided by our legislature, there can be no doubt that it exists at common law and has been exercised by the courts of this country through a judicial writ, resembling an execution at law, to secure the performance of a decree. *Clements* v. *Tillman* (1888), 79 Ga. 451, 5 S. E. 194; *Manning* v. *Securities Co.* (1909), 242 Ill. 584, 90 N. E. 238; *White* v. *White* (1919), 233 Mass. 39, 123 N. E. 389. I do not believe however that when the property sought to be sequestered is in the possession of a third person under a claim of title or superior right, the application for the writ can be disposed of without notice to such third person, the joinder of issues and a trial thereof. Under such circumstances the proceedings lose their summary character and are governed by the rules of practice pertaining to suits in equity.

In the present case it was necessary for the court to hear evidence and determine (1) the probability of a deficiency after the sale of the property involved; (2) the ownership of the money in the hands of the trustee; and (3) the validity of the trust agreement as against the claim of the appellants. This the court did and resolved the issues against the appellants. If it com-

mitted error in doing so the appellants' remedy was a motion for a new trial with no right of appeal until the trial court had been afforded an opportunity to correct its errors if it concluded it had committed any. These observations, of course, refer only to errors occurring during trial and which must, in ordinary practice, be raised by a motion for a new trial. Such are the alleged errors the appellants now seek to have us review and I agree with the court that they are not properly presented.

NOTE.—Reported in 126 N. E. 2d 791.